IN The UNITEd State District Court
For The District of Delaware


John M. Franklin,
            Petitioner,

Rick V. Kearney
            Respondent.

Civil Action # 1'06-cv-378
                (GmS)



Amend § 2254  No scanned

memorandum In support of Petition
Pursuant to 2254 And 2254(E)(d)
Habeas corpus relief by A person
In State custody

Petitioner. John Franklin Do hereby petition
this Hon. Court For AN writ of Federal
Habeas corpus relief.

# Opinion And order Below

Del. Supreme Court, Affirmed Franklin's Direct Appeal on march 2. 2005. <u>Franklin v State</u>, No.106.c (Holland, J)

motion for post-conviction relief Denied on November 29. 2005; <u>State v. Franklin</u>, #0304010407.

Appeal taken, Supreme court Denied Appeal; <u>Franklin v. State</u>, No. 622. 2005. MAY 17. 2006.

# Jurisdiction of this Court

The supreme court of the State of Delaware
issued its order & opinion on May 17, 2006,
Affirming the lower courts decision that
petitioner motion for postconviction relief,
is Denied.

The Jurisdiction of the united state District
Court for the District of Del. is invoked
Pursuant to 28 U.S.C. 2254 And sec. 2254(e)(2)

<u>2</u>

COME NOW, John Franklin petitioner, move this Hon. Court For AN order Granting his writ Habeas Corpus relief on his State Conviction And Sentence. Reverse his Conviction and order A New Trial, Franklin request an evidentiary hearing pursuant to 28 U S C. § 2254(E)(2) to Fully develop the Factual basis of his Federal claim.

John Franklin was denied his constitutional rights under the Sixth and Fourthteen Amendment At his trial and on appeals.

3

## Procedural BackGround.

1. Petitioner, John Franklin WAS charged IN A (11 count) information with the commission on April 15, 2003. The First seven counts of that information alleged that Franklin engaged in unlawful sexual intercourse with his wife over the weekend of April. 11, 2003

A six day jury trial WAS held before the Hon. Richard Stokes IN February 2004 on counts I-VII of the information.

Following the jury trial, which ended IN February 2004 Franklin WAS convicted of All seven counts;

Five counts of Rape First degree; one count of terroristic threatening; And one count of endangering the welfare of A child.

ON February 25, 2004, Franklin was Sentence immediately After being convicted. To A total of 125 years. The First (75) is a mandatory term. No (P.S.I) presentence investigation was ordered. Throughout the bulk of the litigation and trial. Franklin was represented by the Public Defender's office. A timely Appeal was Filed, By the public Defender office on March 2004. Following Briefing, Delaware Supreme court Affirmed Franklin's conviction; Franklin v. State, No. 16, 2004 Holland, J (march 2. 2002) (order)

Subsequently, Franklin, Acting pro'se, Filed A Rule 61 motion For post conviction relief; A motion to expand the record, Among other motion's. A motion to Recusal the trial judge.

After granting the motion to expand the record, without Conducting Any evidentiary hearing's or Allowing the Defense, Franklin the opportunity to develop A Factual record regarding his ineffective of counsel claim. relying Solely upon the pleading's, And memoranda of law. Denied Franklin's Rule 61 petition.

State V Franklin, ID# 0304010407 (Sept. 2. 2005)

Subsequently, Franklin appeal the denial of his Rule
61 petition to the Delaware Supreme court, Supreme
court denied Franklins appeal on May 2006.
Franklin V. State, Del. supr. No.633, 2005. (order) Steele, J

## Statement of Facts

The Facts of this case are outlined in (Franklin-1) Also in the superior court (post-conviction opinion)

# Standard of Review For Exhausted Claims

It is well established that to determine the appropriate Standard of Review governing petitions for a writ of Habeas corpus, The Habeas court must interpret the Standard of Review provision incorporated into 28 USC § 2254; Enacted as a part of the Anti-terrorism and Effective Death penalty Act of 1996 (AEDPA) The Amended Section provides in Relevant part: ... An Application for a writ of Habeas corpus on behalf of a person in custody pursuant to the judgment of a State's court Shall not be granted with Respect to Any claim that was Adjudicated on the merits in state court proceeding

SEE: WILLIAMS v. Taylor, 529 US 362, 402-13 120 S. ct. 1495, 146 L Ed. 2d 389 (2000)

UNLESS the Adjudication of the claim . . . . . . .

I. Resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal Law, As determined by the Supreme court of the United States, or . . . . .

2. Resulted in a decision that was base on an unreasonable determination of the facts in light of the evidence pre-presented in the state court proceeding... Id.

# Summary of The Arguments

I. Trial court committed error of law when it failed to issue A sua sponte order to disallow certain improper expert opinion testimony which invaded the province of the jury on ultimate issues in violation of his Due Process, of A Fair trial....

II. Trial court error by Ruling/Allowing the Admissions of Franklin prior "Bad Act" into evidence before the jury,,,,, violated his Due Process, rights to A Fair trial...

III. State Trial court errored in Rejecting Franklin's Rule 61 Post conviction petition... Trial court Also error in Ruling that (His) Trial court, was not/will not be basis presided over Franklin's Rule 61 petition...

10

IIII    Delaware Supreme court legal Ruling
        on Franklin's Appeals was giving the
        unfair treatment. . . . . . .

V.      Franklin Asserted that his trial counsel
        <u>was ineffective in the following ways:</u>

    1) Counsel failed to make any effort to
       produce mitigated information on Franklin's
       background;
    2) Counsel failed to adequate investigate and
       cross exam. the state's (Hire Gun) The
       nurse. mrs. Holbrook;
    3). Counsel failed to have sought a motion
        of Recusal of the trial (Judge);

VI.     The need to establish the prejudice
        prong of <u>Strickland:</u>

A). INEFFECTIVE ASSISTANCE OF COUNSEL.

The Sixth Amendment guarantees the right to effective assistance of counsel in any criminal prosecution. John Franklin, on trial for (5) five counts of rape upon his own wife, was denied that right.

In order to established such a claim, one must show that; A). Counsel's performance fell below an objective standard of reasonableness; B). Counsel's deficient proformance deprived the defendant of fair trial. Strickland v. Washington, 466 US 668 (1984).

In order to establish prejudice; A). defendant must show that there is a reasonable probability that but for counsel's errors. The outcome would have been different. Strickland, 466 US at 694.

A REASONABLE probability is a probability sufficient to undermine confidence in the out come. Id. Allegations of ineffective Counsel must be viewed as a whole, Rather than piecemeal, see; Frey v. Fulcome 974 F2d 348, 361 N.19 (3d cir 1992) cert denied, 113 S. ct. 1368 (1993)

B). Background Regarding Franklin's State Post conviction Rule 61 Petition:

Throughout the bulk of the litigations thru. Trial, Franklin was represented by Mrs. Carlo Dunniega. From the State public Defender office.

Franklin And his wife Are both A mentally Challenge Couple, working with And For other's with disabili Franklin was unable to Hire An Attorney to represent him in theses Criminal matters.

His wife ruved off with All what was in the two bank Accounts.

Franklin Employer would Not give him monies to hire An Attorney.

Upon Filing his Rule 61 petition, Franklin Acknowledge Acting pro'se, (under represented) that his petition would get the -unfair-Treatment- in the superior court. Nevertheless, Franklin petition trial court for an: (1) Post conviction Rule 61 petition;

(2) Motion for an evidentiary Hearing;

(3) Motion to expand the Record;

(4) Mental health evaluation;

(5) Motion to Recusal trial court (Judge) From Considering the above motions.

Trial court did not Allow Any Factual developments, without Any evidentiary hearing, without further Factual developments, Franklin is Admittedlly Hard pressed to demonstrate "Prejudice".

A closer review of the record raise enough doubt about trial counsels strategy and the reliability of the expert witness qualification which should have warranted FACTUAL expansion of the record: In, WILLIAMS v. TAYlor, 120 S.ct. 1479 (2c

> 'So long as the petitioner exercises reasonable diligence in attempting to develop and present fact in support of claims in the state court, He will not be denied A federal hearing if the petitioner was unable to uncover and present the fact prior to the conclusion of State proceedings';

FRANKLIN is serving (5) Five life Sentences For the Rape upon his own wife, in a case where, A). The (victim) was his wife for over (15) Fifteen years Did not call the police immediately After the Rape's. And B). Where the conviction was base on, Solely upon the expert witness expressing her opinion that the Alleged injuries were caused by an non-consensual assault.

C). IN this CASE, ONE expert witNess, Following the Voir dire, trial Court ruled that NURSE Holbrook WAS quantified AS AN expert And would be permitted to express AN OPINION based on her trAINING; whAt she observed durIng (VIctIm) SANE- EXAMINATION.

NURSE Holbrook testified on direct. That She EXAM (victim) she observed And Photographed Two bruise's IN the breAst ArEA, BruIsING ON her thigh. ANd A VERY SmAll tEAr IN the ArEA OF her VAGINA.

She rENdEred AN OPINION that "this WAS NON-NONCONSENSUAL INtercourse". She Also rENdered Another OpINION that NON-CONSENSUAL PENEtration with Force IS whAt will CAUSE the tEAr.

16

Franklin does not fault trial counsel's efforts in exposing the shortcoming of the state's (Hire Gun) mrs. Holbrook's testimony and opinion's. However. Her inability to not have Identified the 'Posterior-Fourchelle tear's', present in the victim case, In which resulted from consensual sex.

The Ineffectiveness claim is that all of counsel's efforts were wasted at trial, because counsel.

A). Shouldn't have waited until opening statements to have "Attacked" the opinion's and qualification of nurse Holbrook. B). Counsel allow to much prejudic information about the (victim) sexually transmitted disease check-up by mrs Holbrook to be Introducted before the jury.

17

COUNSEL FAIL to HAVE Sought out A MOTION OF RECUSAL OF the trial judge:

HENCE, upon Filing his rule61 petition. Franklin seek to HAVE trial court (Judge) From participation upon the merits of his petition: Based on trial court's Appearance of impropriety! Trial counsel should have sought out A motion of Recusal before Franklin's Feb. 2004 criminal Trial. There was plenty of Evidence to have Argued A motion of Recusal; First: The Judge presided over two other trials of Franklin's; Second: Trial court prior Knowledge of Franklin's prior "Bad Acts." Third: Trial court know to much prejudicial info. About Franklin to have been making pre-trial rulings or And presiding over the third trial; Fourth; It is obvious that that the Judge harbored strong Feeling About Franklin's prior Bad Acts (D.U.I's)

It can not be said to have been a sound trial strategy to pitch Franklin's Rape Trial to this Judge, without the thought of the Judges Feeling's And existies of his bias against Franklin. It is well established that due process requires That a jury be insulated from any prejudicial backgrou information concerning a defendants prior bad acts or crime. This principle of Law is even more foundament in a case where the defendant Neither testified nor places his character in issue.

In this case, Trial court preTrial Ruling in Franklin Feb.2004 trial, Allowing his (Bad act's) of (D.U.I.S) Conviction to come in; Above and beyond Allowin the prior (Bad act's) in, The testimony surrounding the (Bad act) was so egregious that it contaminated the intergnity And Fairness of the trial.

At a minimum, Trial court Should have allowed Franklin the opportunity to develop a Factual record, And to conduct a psychological evaluation

D). Trial Counsel Failed to make any Effort to produce mitigated Information About Franklin's background:

It is well Recognized that a defendant is Entitle to Effective Assistance of counsel at Sentence: Strickland v. Washington:

In this case, Franklin asserted that: Trial counsel Fails to make Any effort to produce mitigating Information on Franklin's background:

In which includes that Franklin has mildly mentally retarded: Personality Disorder NOS with passive/Aggressive And Anti-Social traits:

He was placed in special education throughout School. That he was one of Five children who grew up in a poor Environment And That despit Exhibiting behavior problems As a child. His family lacked the wherewithal to get him the professional counseling that he needed.

20

On the day of the verdict, Trial court give an "Heads-up" too both side's, That He (Trial court) will be moving for an immediately Sentence.

Having Already resided over Two other trials of Franklin's. Previouslly had an (P.S.I.) Report.

At this point, Trial counsel should have objected to immediat Sentence. Trial counsel's plea for mercy without Any investigation And or presentation of Mitigating Evidence, Does not Satisfie <u>Strickland</u>. Because, Franklin was facing life/Multiple-life Sentences. In light of the (5) Five counts of Rape with his wife, counsel should have done Something more than read the (P.S.I.) Report, and ask the courts to impose the minimum mandatory Sentence.

E). The State Superior Courts Decision to Not
Afford Franklin the opportunity in his
Rule61 petition to develop A Factual record
Regarding the Prejudice Question in
Strickland was Unreasonable Applied.

In this case, Franklin Made an effort to develop
A Factual record regarding the prejudice Question
in Strickland.

The Question in Franklins Rule61 petition was;
"Whether trial counsel not produce Available
Evidence of Franklin's mental illness deviat
Franklin An reasonable probability that the outcome
of Franklin's sentence would have been different,
with the same trial (Judge) sitting in for sentencing
proply not. Nevertheless. (75) Seventy-Five years
is not 125 years. And the opportunity to have
develop the evidence of prejudice.

22

To Franklin's Appeal to the Delaware Supreme Court
the Appeal was giving the "Unfair treatment"......

"The Head in the Sand Approach"
This has a chilling Effect upon
Franklin's Ability to Effectivsly present
this writ in this Hon. Court without
Counsel.........

The legal Ruling's in the State Superior Court was
Unreasonable in light of the Evidence presented.

## Conclusion

For Reasons And Authorities cited herein the petitioner, John Franklin Respectfully prays that this Hon. court will reverse his conviction And Sentence And order A New Trial.

Respectfully
Submitted

Date, Aug. 29    2006

John Franklin
S.C.I   21449
Georgetown, DE. 19947

24

## CERTIFICATE OF SERVICE

I, _John Franklin_ , hereby certify that I have served a true and correct copy of the attached _Civil Action Memorandum_ upon the following person/s below:

| NAME | STREET | CITY/STATE/ZIP |
|------|--------|----------------|

US District Court
844 N. King St
Wilmington DE 19801

By placing same in a sealed, postage pre-paid envelope and depositing same in the United States Mail at Sussex Correctional Institution, P.O. Box 500, Georgetown, Delaware 19947.

This _Aug_ day of _29_ , _06_.

_John Franklin_

_John Franklin_

106-cv 378
(GMS)

I/M: John Franklin BLDG. M, S, B, IS1 2
**SUSSEX CORRECTIONAL INSTITUTION**
**P.O. BOX 500**       SBI 214419
**GEORGETOWN, DELAWARE 19947**

U.S. Dist
844 N. Y
Wilmington

106-CV378
(GMS)