## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **JOHN M. FRANKLIN,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    Civ.Act.No. 06-378-GMS |
| | ) |
| **THOMAS CARROLL**, Warden | ) |
| and **JOSEPH R. BIDEN III**, Attorney | ) |
| General for the State of Delaware | ) |
| | ) |
| Respondents. | ) |

### ANSWER

Pursuant to Rule 5 of the Rules Governing Section 2254 Actions, 28 U.S.C. foll. § 2254, respondents state the following in response to the petition for a writ of habeas corpus:

On February 25, 2004, a Superior Court jury convicted John M. Franklin of five counts of first degree rape, one count of terroristic threatening, and one count of endangering the welfare of a child. *See* Del. Super. Ct. Crim. Dkt. Item 24 in case no. 0304010407C ("Superior Court Docket Item __"). After the jury announced its verdict, the Superior Court immediately sentenced Franklin to 127 years at Level V imprisonment, with the first 75 years a mandatory term, followed by six months at Level III supervision. Superior Court Docket Item 24. On appeal, the Delaware Supreme Court affirmed Franklin's convictions and sentences. *See Franklin v. State*, 2005 WL 528674 (Del. March 2, 2005). On August 26, 2005, Franklin filed a *pro se* motion for postconviction relief. Superior Court Docket Item 63. He also requested an expansion of the record and moved for the trial judge to recuse himself from considering Franklin's motion. Superior Court Docket Items 64-66. The Superior Court granted Franklin's motion to expand the record, but denied his other motions, including the motion for

postconviction relief. *See State v. Franklin*, 2005 Del. Super. LEXIS 384 (Del. Super. Ct. November 29, 2005). On December 16, 2005, Franklin appealed the denial of his motion for postconviction relief. Superior Court Docket Item 68. The Delaware Supreme Court affirmed the denial of Franklin's motion for postconviction relief. *See Franklin v. State*, 2006 WL 1374675 (Del. May 17, 2006).

Discussion

In his petition, Franklin claims three errors occurred in his trial that entitle him to habeas relief. First, he complains that the "trial court committed error of law when it faile[d] to issue a sua sponte order to disallow certain improper expert opinion testimony which invaded the province of the jury on ultimate issues in the case and undermining the fairness of the trial." D.I. 2, at 5. Secondly, Franklin contends a "due process violation" stemming from "the admission of prior 'bad acts' into evidence and the jury instruction was insufficient to limit the evidence." D.I. 2, at 5. Next, Franklin argues that there was another "due process violation" after the "prosecutor's questions elicited evidence which injected a racial element into the trial." D.I. 2, at 6. In a supplemental filing, Franklin raises a claim of ineffective assistance of counsel, alleging several instances in support thereof. *See* D.I. 6, at 16-21. Finally, Franklin also alleges that the Superior Court judge erroneously denied his motion for postconviction relief and that the Supreme Court unfairly treated Franklin's appeals. *See* D.I. 6, at 22-23

Section 104 of Title I of the Antiterrorism and Effective Death Penalty Act of 1996, codified as 28 U.S.C. § 2254, restricts the scope of collateral review of convictions and sentences for persons in custody pursuant to the judgment of a state court. As amended, § 2254(d) states:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceeding unless the adjudication of the claim--

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Hameen v. State of Delaware*, 212 F.3d 226, 235 (3d Cir. 2000); *Werts v. Vaughn*, 228 F.3d 178, 196-97 (3d Cir. 2000); *Matteo v. Superintendent, SCI Albion*, 171 F.3d 877, 885 (3d Cir.) (*en banc*), *cert. denied*, 528 U.S. 824 (1999) (determining the standard of review governing petitions for a writ of habeas corpus under revised § 2254(d)). Thus, under revised § 2254, a habeas petitioner is not entitled to relief unless he can establish that the decision of the state court was contrary to, or involved an objectively unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See Gattis v. Snyder*, 278 F.3d 222, 228 (3d Cir.), *cert. denied*, 537 U.S. 1049 (2002); *Matteo*, 171 F.3d at 885; *Lawrie v. Snyder*, 9 F. Supp. 2d 428, 434 (D. Del. 1998). Moreover, factual determinations by state trial and appellate courts are presumed correct absent clear and convincing evidence to the contrary, and a decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding. *See* §§ 2254(d)(2), (e)(1). *See also Williams,* 529 U.S. at 402-13; *Affinito v. Hendricks*, 366 F.3d 252, 256-57 (3d Cir. 2004); *Campbell v. Vaughn*, 209 F.3d 280, 286 (3d Cir. 2000), *cert. denied*, 531 U.S. 1084 (2001).

*Grounds One, Two and Three: State Court Evidentiary Rulings*

In his first three claims, Franklin claims that the Delaware Superior Court erred when it admitted certain expert testimony, allowed prior bad acts evidence during the State's case-in-chief, and allowed evidence of a racial slur used by Franklin. These claims, although exhausted,[1] do not present a federal constitutional issue that may be reviewed in a habeas corpus proceeding. State court evidentiary rulings implicate federal constitutional law only when they infringe on a particular constitutional right of the petitioner. *See Crane v. Kentucky*, 476 U.S. 683, 689-90 (1986); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Chambers v. Mississippi*, 410 U.S. 284, 302 (1973); *Riley v. Harris*, 277 F.3d 261, 310 n.8 (3d Cir. 2001); *Mundy v. Snyder*, 2002 WL 1285547, *3 (D. Del. June 10, 2002). "It is a well-established principle that evidentiary errors of state courts are not considered to be of constitutional proportion, cognizable in federal habeas corpus proceedings, unless the error deprives a defendant of fundamental fairness in his criminal trial." *Bisaccia v. Attorney General of State of N.J.*, 623 F.2d 307, 312 (3d Cir. 1980) (citing *Donnelly v. DeChristoforo*, 416 U.S. 637, 642-43 (1974); *United States* ex rel. *Perry v. Mulligan*, 544 F.2d 674, 678 (3d Cir. 1976)). *See also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"). However, "errors of state law cannot be repackaged as federal errors simply by citing the Due Process Clause." *Smith v. Horn*, 120 F.3d 400, 414 (3d Cir. 1997) (*citing Gilmore v. Taylor*, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring in judgment)).

1. The expert's testimony related to the issue of consent in Franklin's trial for rape. Specifically, the expert was a sexual assault nurse examiner who opined that "the intercourse [between Franklin and his victim] was non-consensual based on her studies, her observation of

---

[1]   Franklin presented these claims to the Delaware Supreme Court on direct appeal from his conviction. *See Franklin*, 2005 WL 528674, at *1-2.

[the victim's injuries] and what [the victim] had told her about the multiple rapes." *Franklin*, 2005 WL 528674, at *1. The Delaware Supreme Court found that the admission of the expert's testimony was proper under Delaware Rule of Evidence 704. *See id.* Moreover, the Delaware Supreme Court held, in the alternative, that any error was harmless. *Id.* The introduction of the expert's testimony on the issue of consent did not deprive Franklin of fundamental fairness in his criminal trial. *See Bisaccia*, 623 F.2d at 312 (*citing Donnelly*, 416 U.S. at 642-43; *Mulligan*, 544 F.2d at 678). Accordingly, Franklin is not entitled to federal habeas relief on this count.

2. Franklin's second claim faults the admission of evidence that he had previously assaulted the victim, had a drinking history, and had viewed pornographic movies. On direct appeal, Franklin raised this issue as a state evidentiary claim. *See Franklin v. State*, 2005 WL 528674, at *2. The Delaware Supreme Court found that the admission of the prior bad acts evidence of which Franklin now complains comported with state evidentiary law. *See Franklin*, 2005 WL 528674, at *2. Now, in the federal habeas context, Franklin raises this issue as a federal due process claim.

Franklin is not entitled to relief. As an initial matter, questions of state evidentiary law do not present a cognizable basis for federal habeas relief. *See Pulley*, 465 U.S. at 41; *Riley v.*, 277 F.3d at 310 n.8. To the extent Franklin advances a state law claim based on Delaware Evidence Rule 404(b), the claim should be dismissed. *See Coffield v. Carroll*, 2004 WL 2851801, *2-3 (D.Del. Dec. 1, 2004). To the extent that Franklin attempts to parley his state evidentiary law claim into a federal due process claim, the federal claim is unexhausted. At no point during his state court proceedings did Franklin present this particular claim in terms of a federal due process claim. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition

or brief, for example, by citing in conjunction with the claim the federal source of law on which

he relies or a case deciding such a claim on federal grounds, or by simply labeling the claim

'federal.'"); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Keller v. Larkins*, 251 F.3d 408, 413-

15 (3d Cir. 2001) (challenge to admission of evidence of uncharged misconduct); *Gattis v.*

*Snyder*, 46 F. Supp. 2d 344, 373 (D. Del. 1999).   Accordingly, Franklin is precluded from

advancing this claim as a basis for federal habeas relief unless he is excused from the exhaustion

requirement.

Franklin is excused from the exhaustion requirement if there is no available state remedy

for his claim of a federal due process violation. *See Teague v. Lane*, 489 U.S. 288, 298 (1989);

*Castille v. Peoples*, 489 U.S. 346, 351-52 (1989).  Franklin did not raise this claim in his direct

appeal nor did he present it in his motion for postconviction relief.  Any subsequent attempt to

present this claim to the Delaware courts would be barred under Delaware Superior Court

Criminal Rule 61.[2]  Given his inability to present this matter to the Delaware courts, however,

Franklin is excused from satisfying the exhaustion requirement on his prosecutorial misconduct

claim. *See Lawri v. Snyder*, 9 F. Supp.2d 428, 454 (D. Del. 1998).

Nevertheless, federal habeas review of the claim is barred unless Franklin establishes

cause for his procedural default in the state courts and actual prejudice.  *See Coleman v.*

*Thompson*, 501 U.S. 722, 750-51 (1991); *Caswell v. Ryan*, 953 F.2d 853, 861-62 (3d Cir. 1992(;

*Dawson v. Snyder*, 988 F. Supp. 783, 802-03 (D. Del. 1997); *Johnson v. Ellingsworth*, 783 F.

Supp. 215, 218-21 (D. Del. 1992).  To demonstrate cause for a procedural default, a petitioner

---

[2] Specifically, he would be procedurally barred from raising this claim in a second state postconviction motion under Del. Super. Ct. Crim. R. 61(i)(2) because he failed to raise the issue in his first motion for postconviction relief.  His claim would also be subject to the procedural bar of Rule 61(i)(3) by his failure to have raised the claim in his direct appeal unless Franklin demonstrated cause for his default and resulting prejudice.

must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleske v. Zanty*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986); *Dawson*, 988 F. Supp. at 805. To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)); *Dawson*, 988 F. Supp. at 804-05. Franklin has not articulated any basis in his papers to establish cause for failing to advance a federal due process claim with respect to this evidence. As a result, the claim can be dismissed without any consideration of actual prejudice. *See, e.g., Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995).

    3. Franklin's complaint that an improper racial element was prejudicially introduced during his trial does not afford him a federal habeas remedy. Assuming Franklin presented this claim as a federal due process claim in his direct appeal,[3] he is not entitled to relief. The Delaware Supreme Court found that the reference, "that Franklin was going to 'f--- his wife 'like

---

[3] Before the Delaware Supreme Court, Franklin cited two Delaware Supreme Court cases, *Feddiman v. State*, 558 A.2d 278 (Del. 1989), and *Weddington v. State*, 545 A.2d 607, 613 (Del. 1988), for the proposition that "the improper injection race into a criminal proceeding violates a defendant's right to due process and the right to a trial by an impartial jury, *as guaranteed by the Constitution of this State.*" Op. Brf. at 32 in Del. Supr. No. 106, 2004. Franklin then quoted *Holtzman v. State*, 1998 Del. LEXIS 288, *20 (Del. July 27, 1998) to claim that "evidence of the alleged racial bias of a defendant is constitutionally prohibited unless those views are logically relevant to an issue to be decided in the case." This is hardly the notice of a federal due process claim that the Supreme Court demanded in *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Moreover, a review of the State's answering brief in Franklin's direct appeal reveals that the State court decision was predicated on state evidentiary and constitutional law, not federal due process grounds. *See* Ans. Brf. in Del. Supr. No. 106, 2004. The prosecution's reading of the defendant's argument on appeal is highly probative on the question of whether the defendant fairly presented the particular claim to the state courts. *See Brown v. Cuyler*, 669 F.2d 155, 159 (3d Cir. 1982). Because Franklin failed to present his federal due process claim to the Delaware Supreme Court, he has not exhausted state court remedies.

a name he called Darnell Bynes,'" an African American with whom Franklin's wife had an affair,

were admissible and "relevant to [Franklin's] state of mind and intent to rape his wife, who had

an affair with Bynes." *Franklin*, 2005 WL 528674, at *2. The state court's determination of this

question was not an unreasonable application of, nor did it contradict, established United States

Supreme Court precedent.

The Supreme Court has long "engaged in 'unceasing efforts' to eradicate racial prejudice

from our criminal justice system." *McCleskey v. Kemp*, 481 U.S. 279, 309 (1987) (*quoting*

*Batson v. Kentucky*, 476 U.S. 79, 85 (1986)). To this end, "improper racial and ethnic references

can be so prejudicial as to result in a denial of due process. But not all racial and ethnic

references are so prejudicial as to constitute due process violations." *Moore v. Morton*, 255 F.3d

95, 113-114 (3d Cir. 2001) (*citing Darden v. Wainwright*, 477 U.S. 168, 182 (1986); *Donnelly v.*

*DeChristoforo*, 416 U.S. 637, 644 (1974)). Here, the Delaware Supreme Court determined that

the references in Franklin's trial were not "improper." Instead, the Court noted, reference to

Franklin's own statement was admissible and "relevant to his state of mind and intent to rape his

wife, who had an affair with Bynes." *Franklin*, 2005 WL 528674, at *2. Because Franklin's

statements were introduced for proper purposes, the decision of the Delaware Supreme Court

was not contrary to, nor an unreasonable of, United States Supreme Court precedent.

Accordingly, Franklin is not entitled to federal habeas relief.

*Ineffective Assistance of Counsel*

In his petition for federal habeas relief, Franklin also claims that he was deprived of his

constitutional right to effective assistance of counsel. First, Franklin seems to suggest that

counsel was ineffective in his cross-examination of the State's expert witness. Specifically, in

his petition, Franklin claims that "all of counsel's efforts were wasted at trial, because counsel A)

8

shouldn't have waited until opening statement to have 'attacked' the opinions and qualification of Nurse Holbrook [the State's expert witness]. B) Counsel allow[ed] to[o] much prejudicial information about the (victim) sexually transmitted disease check-up by Mrs. Holbrook to be [introduced] before the jury." D.I. 6, at 17.  It is axiomatic that a state petitioner seeking federal habeas relief must exhaust remedies available in the state courts.  28 U.S.C. § 2254(b); *Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Alston v. Redman*, 34 F.3d 1237, 1241-42 (3d Cir. 1994).  In order to demonstrate that a claim has been exhausted in state court, a petitioner "must show that he presented each claim to the Delaware Supreme Court." *Bailey v. Snyder*, 855 F. Supp. 1392, 1399 (D. Del. 1993).  Further, a petitioner must have raised in the state courts the legal and factual basis of the claims which he presents to the federal habeas court.  *See* 28 U.S.C. § 2254(b); *Landano v. Rafferty*, 897 F.2d 661, 670-71 (3d Cir. 1999); *Gibson v. Scheidemantel*, 805 F.2d 135, 139 (3d Cir. 1986).

Franklin never presented this particular claim of ineffective assistance, i.e., defense counsel's questioning of the nurse, to the Delaware courts; accordingly, he has not exhausted state court remedies.  If, however, there is no available state remedy, then Franklin is excused from the exhaustion requirement with respect to this claim.  *See Teague v. Lane*, 489 U.S. 288, 298 (1989); *Castille v. Peoples*, 489 U.S. 346, 351-52 (1989).  Franklin did not raise this claim in his motion for postconviction relief.  Any subsequent attempt to present this claim to the Delaware courts would be barred under Delaware Superior Court Criminal Rule 61.  Specifically, Franklin would be procedurally barred, by operation of Criminal Rule 61(i)(2), from raising this claim in a second state postconviction motion because he failed to raise the issue in his first motion for postconviction relief.  Given his inability to present this matter to the

9

Delaware courts, Franklin is excused from satisfying the exhaustion requirement with respect to this particular claim. *See Lawrie v. Snyder*, 9 F. Supp.2d 428, 454 (D. Del. 1998).

Nevertheless, federal habeas review of the claim is barred unless Franklin establishes cause for his procedural default in the state courts and actual prejudice. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991). To demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense" precluded his compliance with state procedural rules. *McCleskey v. Zant*, 499 U.S. 467, 493 (1991); *Murray v. Carrier*, 477 U.S. 478, 487 (1986). To establish prejudice under the cause and prejudice standard, a petitioner must show "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Carrier*, 477 U.S. at 493-94 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). Franklin offers no explanation for his failure to have raised this claim in his first postconviction motion. The claim can accordingly be dismissed without any consideration of actual prejudice, Franklin having failed to establish cause. *See, e.g., Carter v. Neal*, 910 F. Supp. 143, 151 (D. Del. 1995).

Franklin also presents three other claims of ineffective assistance of counsel. Specifically, he claims that counsel was ineffective by failing to move for recusal of the trial judge; that counsel was ineffective by failing to present mitigating evidence at sentencing; and that counsel was ineffective by failing to object to Franklin's immediate sentencing. *See* D.I. 6, at 18-21. Franklin presented these claims of ineffective assistance of counsel to the Delaware Supreme Court in his appeal from the Superior Court's denial of his motion for postconviction relief, thereby exhausting state court remedies. *See Franklin*, 2006 WL 1374675, at *1-3.

This Court recently articulated the standard it uses to evaluate ineffective assistance claims in the habeas context:

> The "clearly established federal law" which governs ineffective assistance of counsel claims is the two-pronged standard enunciated by Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984) and its progeny. To prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate both that: (1) counsel's performance fell below an objective standard of reasonableness measured under prevailing professional norms; and (2) counsel's deficient performance actually prejudiced the petitioner's case. In order to sustain an ineffective assistance of counsel claim, a petitioner must make concrete allegations of actual prejudice and substantiate them or risk summary dismissal. Although not insurmountable, the Strickland standard is highly demanding and leads to a "strong presumption that the representation was professionally reasonable."

*White v. Carroll*, 416 F. Supp. 2d 270, 278 (D. Del. 2006) *(quoting Strickland*, 446 U.S. at 689-90; *citing Wiggins v. Smith*, 539 U.S. 510 (2003); *Wells v. Petsock*, 941 F.2d 253, 259-60 (3d Cir. 1991); *Dooley v. Petsock*, 816 F.2d 885, 891-92 (3d Cir. 1987)).

Counsel was not unreasonable in choosing not to seek recusal of the trial judge. Franklin had appeared before the same judge only a few weeks before the trial on charges of driving under the influence. That the judge had previously presided over the earlier trial did not provide a basis for recusal in Franklin's trial for rape and the related offenses. *See, e.g., United States v. Arena*, 180 F.3d 380, 398-99 (2d Cir. 1999); *United States v. Merkt*, 794 F.2d 950, 960-61 (5th Cir. 1986); *United States v. Parker*, 742 F.2d 127, 128-29 (4th Cir. 1984); *Lox v. United States*, 309 F.2d 614, 619-20 (8th Cir. 1962). Consistent with this principle, the trial judge her, in ruling on Franklin's postconviction claim, held that his recusal was unnecessary. *See Franklin*, 2005 Del. Super. LEXIS 384, at *8. In turn, that decision was affirmed by the state supreme court. *See Franklin*, 2006 WL 1374675, at *2. These decisions show that any recusal motions would

11

have been meritless. As this Court has noted, counsel is not ineffective by failing to file meritless motions. *See, e.g., Zuppo v. Carroll*, 458 F. Supp. 2d 216, 226 (D. Del. 2006) (*citing United States v. Sanders*, 165 F.3d 248, 253 (3d Cir. 1999)). Accordingly, this claim fails.

Additionally, Franklin's claim that counsel was ineffective by failing to present mitigating evidence at his sentencing does not carry any weight. The Delaware Supreme Court noted that "Counsel's failure to produce "mitigating evidence" at sentencing had no effect on the *mandatory* sentences imposed in Franklin's case." *Franklin*, 2006 WL 1374675, at *2 (emphasis added). Moreover, Franklin's argument fails to account for the fact that the trial judge already knew about Franklin's background, having presided over a trial of Franklin on an unrelated charge. Indeed, Franklin's claim of ineffective assistance of counsel, faulting counsel's failure to disqualify the trial judge because he knew about Franklin's prior criminal record, is inconsistent with the claim that the trial judge was not aware of Franklin's background or of any mitigating circumstances. Franklin has failed to establish any prejudice within the terms of *Strickland* and this claim should be rejected.

At the same time, Franklin's complaint that counsel was ineffective by failing to object to immediate sentencing should be rejected. The Superior Court judge who sentenced Franklin relied on a presentence report prepared a month before Franklin's sentencing on the rape convictions. Moreover, the court noted that "it would [have been] a waste of taxpayer resources to require the preparation of another Presentence Report merely a month after the last report had been submitted . . . ." *State v. Franklin*, 2005 Del. Super. LEXIS 384, at *10-11. Counsel's filing of a motion to delay Franklin's sentencing would have not altered the Superior Court's rationale. Accordingly, counsel's performance could hardly have been unreasonable. *See Strickland*, 466 U.S. at 689-90. Moreover, Franklin cannot articulate any prejudice he suffered

as a result of counsel's failure to object to Franklin's immediate sentencing. Indeed, as the

Delaware Supreme Court recognized, Franklin faced a mandatory sentences for his five rape

convictions; delaying Franklin's sentencing would not have changed that reality. As such,

Franklin's claim of ineffective assistance on this count should be rejected.

*Grounds Relating to State Postconviction Proceedings and Unfair Treatment of Appeal*

To the extent that Franklin alleges error in his state postconviction proceedings and

subsequent appeal, *see* D.I. 6, at 22-23, his claims are without avail. It is well established that

allegations of error in proceedings for state postconviction relief cannot serve as the basis for

federal habeas relief. *See Lambert v. Blackwell*, 387 F.3d 210, 247 (3d Cir. 2005) (*quoting*

*Hassine v. Zimmerman*, 160 F.3d 941, 954-55 (3d Cir. 1998)).

<u>Conclusion</u>

Based upon the Superior Court docket sheet, it appears that transcripts of Barnett's trial and sentencing proceedings have been prepared. In the event that the Court directs the production of any transcript, respondents cannot state with specificity when such transcript would be available. However, respondents reasonably anticipate that such production would take 90 days from the issuance of any such order by the Court.

For the foregoing reasons, the petition for writ of habeas corpus should be dismissed without further proceedings.

/s/Kevin M. Carroll
Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

Dated: May 31, 2007

Westlaw.

869 A.2d 327                                                                Page 1

869 A.2d 327, 2005 WL 528674 (Del.Supr.)
**(Cite as: 869 A.2d 327)**

**H**
Franklin v. State
Del.Supr.,2005.
(The decision of the Court is referenced in the
Atlantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
John M. FRANKLIN, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 1062004.**

Submitted Jan. 18, 2005.
Decided March 2, 2005.

**Background:** Defendant was convicted in the
Superior Court, Sussex County, of five counts of
first degree rape, one count of terroristic
threatening, and one count of endangering the
welfare of a child. Defendant appealed.

**Holdings:** The Supreme Court held that:

(1) sexual assault nurse examiner's opinion
testimony on the issue of consent was admissible at
trial;

(2) admission of defendant's prior assault of victim,
consumption of alcohol, and viewing of
pornographic movies was not unfairly prejudicial;
and

(3) references in record to a "name" defendant used
when referring to an African American male did not
violate defendant's due process rights by improperly
injecting race into the proceeding.

Affirmed.
West Headnotes
**[1] Criminal Law 110 ☞470(2)**

110 Criminal Law
   110XVII Evidence
      110XVII(R) Opinion Evidence
         110k468 Subjects of Expert Testimony
            110k470 Matters Directly in Issue;
Ultimate Issues
               110k470(2) k. Particular Issues.
Most Cited Cases
Sexual assault nurse examiner's opinion testimony
on the issue of consent was admissible at rape trial.
11 Del.C. § 773; Rules of Evid., Rule 704.

**[2] Criminal Law 110 ☞1169.5(2)**

110 Criminal Law
   110XXIV Review
      110XXIV(Q) Harmless and Reversible Error
         110k1169 Admission of Evidence
            110k1169.5 Curing Error by
Withdrawal, Striking Out, or Instructions to Jury
               110k1169.5(2) k. Particular
Evidence or Prosecutions. Most Cited Cases
Even if sexual assault nurse examiner's opinion
testimony on the issue of consent should have been
excluded at rape trial, trial court's instruction that
issue of consent was for the jury to decide and that
jury could give as much weight to expert's
testimony as it deemed appropriate cured any
prejudice. 11 Del.C. § 773; Rules of Evid., Rule
704.

**[3] Criminal Law 110 ☞1169.5(3)**

110 Criminal Law
   110XXIV Review
      110XXIV(Q) Harmless and Reversible Error
         110k1169 Admission of Evidence
            110k1169.5 Curing Error by
Withdrawal, Striking Out, or Instructions to Jury
               110k1169.5(3) k. Other Offenses
and Character of Accused. Most Cited Cases
Admission at rape trial of defendant's prior assault
of victim, consumption of alcohol, and viewing of
pornographic movies was not unfairly prejudicial,

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

869 A.2d 327    Page 2

869 A.2d 327, 2005 WL 528674 (Del.Supr.)
**(Cite as: 869 A.2d 327)**

given trial court's instruction to jury that this evidence was being admitted for limited purposes. 11 Del.C. § 773.

**[4] Constitutional Law 92 ⇌4629**

92 Constitutional Law
    92XXVII Due Process
        92XXVII(H) Criminal Law
            92XXVII(H)4 Proceedings and Trial
                92k4627 Conduct and Comments of Counsel; Argument
                    92k4629 k. Prosecutor. Most Cited Cases
    (Formerly 92k268(8))

**Criminal Law 110 ⇌730(12)**

110 Criminal Law
    110XX Trial
        110XX(E) Arguments and Conduct of Counsel
            110k730 Action of Court
                110k730(12) k. Comments on Character or Conduct of Accused or Prosecutor. Most Cited Cases
Repeated references in record at rape trial to a " name" defendant used when referring to an African American male did not violate defendant's rights to due process by improperly injecting race into the proceeding, given absence of evidence that state had intended to create a racial bias against defendant and trial court's instruction telling jury that passion or prejudice should not influence their decision. U.S.C.A. Const.Amend. 14; 11 Del.C. § 773.

Court Below: Superior Court of the State of Delaware in and for Sussex County, No. 0304010407C.

Before STEELE, Chief Justice, HOLLAND and RIDGELY, Justices.

ORDER

*1 This 2nd day of March 2005, on consideration of the parties' briefs, it appears to the Court that:

(1) A Superior Court jury convicted the defendant-appellant, John M. Franklin, of five counts of rape first degree,[FN1] one count of terroristic threatening [FN2] and one count of endangering the welfare of a child. [FN3] The charges involved allegations that Franklin engaged in unlawful sexual intercourse with his wife over a period of several days and threatened to cut her throat in the presence of his daughter. The trial court sentenced Franklin as follows: (a) 125 years imprisonment at Level V incarceration, the first 75 years of which is a mandatory term of incarceration, on the rape first degree charges; (b) one year imprisonment at Level V incarceration on the terroristic threatening charge; and (c) one year imprisonment at Level V incarceration, followed by six months of Level III probation, on the endangering the welfare of a child charge. Franklin makes three arguments in support of his direct appeal, and requests that this Court reverse his convictions and remand this matter for a new trial. We find Franklin's arguments unpersuasive. Accordingly, we affirm.

    FN1. Del.Code Ann. tit. 11, § 773 (2005).

    FN2. *Id.* at § 621.

    FN3. *Id.* at § 1102.

(2) Franklin first argues that the trial court erred by failing to, *sua sponte,* exclude the opinion testimony of the State's medical expert, a Sexual Assault Nurse Examiner ("SANE"). Prior to the SANE's testimony at trial, Franklin requested that this witness be barred from expressing an opinion that Karen's alleged injuries were caused by a sexual assault. The Superior Court reserved decision until after *voir dire* of the SANE regarding her qualifications. Following *voir dire,* the Superior Court found that the SANE was qualified to testify as a medical expert. The Superior Court also ruled that the SANE could state an opinion, if properly warranted, that her findings were consistent with non-consensual sex. At trial, the SANE opined that the intercourse in this case was non-consensual based on her studies, her observations of Karen's injuries and what Karen had told her about the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

869 A.2d 327                                                                                          Page 3

869 A.2d 327, 2005 WL 528674 (Del.Supr.)
**(Cite as: 869 A.2d 327)**

multiple rapes. On appeal, Franklin contends that the SANE's testimony went beyond the issue of consent, which improperly invaded the province of the jury on an ultimate issue of fact. We review Franklin's argument under a plain error standard of review.[FN4]

> FN4. *Wainwright v. State,* 504 A.2d 1096, 1100 (Del.), *cert. denied,* 479 U.S. 869, 107 S.Ct. 236, 93 L.Ed.2d 161 (1986).

[1][2] (3) The Superior Court did not commit plain error in allowing the SANE to give an opinion on the issue of consent. Delaware Rule of Evidence 704 provides that testimony "in the form of an opinion or inference otherwise admissible is not objectionable merely because it embraces an ultimate issue to be decided by the trier of fact." [FN5] This Court has also held that an expert's opinion that embraces an ultimate issue in the case regarding the consensual nature of the sex does not invade the province of the jury.[FN6] Furthermore, the trial court instructed the jury that the issue of consent was for the jury to decide and that the jury may give as much weight to an expert's testimony as it deems appropriate. Thus, even if the SANE's testimony was inadmissible, the trial court's instruction cured any possible prejudice stemming from the comments,[FN7] and rendered them harmless beyond a reasonable doubt.[FN8]

> FN5. D.R.E. 704.

> FN6. *See, e.g., Gibbs v. State,* 723 A.2d 396 (Del.1998) (providing that an expert's opinion embracing consent to sex does not invade the province of the jury); *Wilmer v. State,* 707 A.2d 767 (Del.1998) (holding no abuse of discretion in admitting opinion testimony that sex was non-consensual); *Glazar v. State,* 513 A.2d 780 (Del.1985) (finding no error in admitting the expert opinion testimony that injuries were the probable result of child abuse).

> FN7. *Sawyer v. State,* 634 A.2d 377, 380 (Del.1993) (citation omitted); *Claudio v.*

*State,* 585 A.2d 1278, 1281 (Del.1991); *Diaz v. State,* 508 A.2d 861, 866 (Del.1986) (citation omitted).

> FN8. *Van Arsdall v. State,* 486 A.2d 1, 18 (Del.1984) (citation omitted), *vacated on other grounds and remanded,* 475 U.S. 673, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986).

*2 [3] (4) Franklin next challenges the Superior Court's admission of certain pieces of evidence that he claims was unfairly prejudicial. This evidence included: (a) an assault occurring in 1988 in which Franklin broke a bone in Karen's face; (b) Franklin's consumption of alcohol; and (c) Franklin's viewing of pornographic movies. We review the trial court's ruling admitting this evidence for abuse of discretion.[FN9] In doing so, we find no abuse of discretion on the part of the trial court in this case. The record shows that the trial court conducted an appropriate analysis under *Getz v. State* [FN10] and *Deshields v. State* [FN11] before admitting this evidence. Moreover, the trial court instructed the jury on two occasions that the evidence was being admitted for limited purposes. The jury is presumed to have understood and followed the trial court's instructions.[FN12]

> FN9. *Howard v. State,* 549 A.2d 692, 693 (Del.1988).

> FN10. 538 A.2d 726 (Del.1988).

> FN11. 706 A.2d 502 (Del.1998).

> FN12. *Fortt v. State,* 767 A.2d 799, 804 (Del.2001); *Fuller v. State,* 860 A.2d 324, 329 (Del.2004).

[4] (5) Franklin's final argument takes issue with the repeated references in the record to a "name" he used when referring to Darnell Bynes, an African American male with whom his wife had an affair during a period of separation. These references were that Franklin was going to "f " his wife "like a name he called Darnell Bynes." Franklin argues that although the specific derogatory term he used for

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

869 A.2d 327                                                                                                                                          Page 4

869 A.2d 327, 2005 WL 528674 (Del.Supr.)
**(Cite as: 869 A.2d 327)**

Darnell Bynes was never used, the repeated references to the above statement at trial violated his rights to due process and to trial by an impartial jury by improperly injecting race into the criminal proceeding. [FN13] We find Franklin's argument unpersuasive. Here, Franklin has failed to show that the State had a deliberate intent to create a racial bias against him so as to strengthen its case.[FN14] Franklin's use of the word was relevant to his state of mind and intent to rape his wife, who had an affair with Bynes. Furthermore, the trial court instructed the jury that passion, prejudice, sympathy, public opinion or motive may not influence their decision. The jury is presumed to have followed the trial court's instruction.[FN15]

> FN13. *See Holtzman v. State,* 718 A.2d 528 (Del.1998) (holding that the admission into evidence of the alleged racial bias of a defendant violates the defendant's right of due process); *Weddington v. State,* 545 A.2d 607, 613 (Del.1988) (providing that the improper injection of race in a criminal proceeding poses a serious threat to a defendant's right to a fair trial).

> FN14. *Weddington,* 545 A.2d at 614-15 (citation omitted).

> FN15. *Fortt,* 767 A.2d at 804; *Fuller,* 860 A.2d at 329.

NOW, THEREFORE, IT IS HEREBY ORDERED that the judgments of the Superior Court are *AFFIRMED.*

Del.Supr.,2005.
Franklin v. State
869 A.2d 327, 2005 WL 528674 (Del.Supr.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

LEXSEE 2005 DEL. SUPER. LEXIS 384

## State v. Franklin

### Def. ID # 0304010407

### SUPERIOR COURT OF DELAWARE, SUSSEX

### 2005 Del. Super. LEXIS 384

### September 2, 2005, Submitted
### November 29, 2005, Decided

**NOTICE:**

[*1]    THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL.

**SUBSEQUENT HISTORY:** Affirmed by Franklin v. State, 2006 Del. LEXIS 259 (Del., May 17, 2006)

**PRIOR HISTORY:** Franklin v. State, 2005 Del. LEXIS 100 (Del., Mar. 2, 2005)

**JUDGES:** RICHARD F. STOKES, JUDGE.

**OPINION BY:** RICHARD F. STOKES

**OPINION**

Pending before the Court are the following motions of John M. Franklin ("defendant"): motion for postconviction relief filed pursuant to Superior Court Criminal Rule 61 ("Rule 61"), motion for an evidentiary hearing on the Rule 61 motion, motion to expand the record to include a letter from his sister stating that he always was mentally "slow", motion for the retention of a psychiatrist to conduct a mental health evaluation on defendant, and motion for my recusal from considering the other motions. This is my decision denying all of the pending motions except the one to expand the record to include his sister's letter.

On February 25, 2004, after a six (6) day jury trial, the jury found defendant guilty of five (5) counts of rape in the first degree causing an injury, one (1) count of terroristic threatening, and one (1) count of endangering the welfare of a child. On February 25, 2004, this Court sentenced defendant as follows. On each rape in the first degree count, he was sentenced to twenty-five (25) years at Level [*2] 5, for a total of one hundred twenty-five (125) years; the first fifteen (15) years of each sentence

was mandatory as required by statute. 11 *Del. C.* § 4205. On the terroristic threatening conviction, the Court sentenced defendant to one (1) year at Level 5. On the endangering the welfare of a child conviction, it sentenced him to one (1) year at Level 5, followed by six (6) months at Level 3.

Defendant appealed to the Delaware Supreme Court. That Court affirmed the judgment of the Superior Court. *Franklin v. State*, Del. Supr., No. 106, 2004, Ridgely, J. (March 2, 2005).

The first motion I consider is the one to recuse myself. Set forth below is the law which guides my decision on this motion.

A judge is required to be impartial in actuality and in appearance. Canon 3C of the Delaware Judges' Code of Judicial Conduct codifies this standard. Therein, it is provided in pertinent part:

> Disqualification. (1) A judge should disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where:
>
> (a) The judge has a personal bias or prejudice concerning a party. [*3] . . .

As explained in *Los v. Los*, 595 A.2d 381, 384-85 (Del. 1991):

> Where the basis for the alleged disqualification is a claim, under Canon 3C(1), that the Judge "has a personal bias or prejudice concerning a party," no per se or automatic disqualification is required. Previous contact between the judge and a party, in the same or a different judicial proceeding, does not require automatic disqualification. [Citations omitted.] To

be disqualified the alleged bias or prejudice of the judge "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." [Citation omitted.] . . .

When faced with a claim of personal bias or prejudice under Canon 3C(1) the judge is required to engage in a two-part analysis. First, he must, as a matter of subjective belief, be satisfied that he can proceed to hear the cause free of bias or prejudice concerning that party. Second, even if the judge believes that he has no bias, situations may arise where, actual bias aside, there is the appearance of bias sufficient to cause doubt as to the judge's impartiality. [Citation omitted. [*4] ]

The fact that adverse rulings were made against a defendant in the previous proceedings does not provide a reason for recusal. *Weber v. State*, 547 A.2d 948, 952 (Del. 1988), *reargu. den.*, 118 N.J. 319, 571 A.2d 948 (Del. 1988); *Brown v. State*, 840 A.2d 641 (Del. 2003); *Manchester v. State*, Del. Super., No. 351, 1997, Berger, J. (April 3, 1998); *In the Matter of the Petition of Joseph A. Wittrock for a Writ of Prohibition*, 649 A.2d 1053 (Del. 1994); *Haskins v. State*, Del. Super., No. 188, 1991, Moore, J. (Aug. 19, 1991); *State v. Fink*, Del. Super., Def. ID # 0003008673, Vaughn, R.J. (July 19, 2002) at 2-3. Previously having sentenced a defendant is not enough to require recusal. *Miller v. State*, Del. Super., No. 236, 1994, Hartnett, J. (May 9, 1995). Again, to repeat one of the holdings in *Los v. Los*, 595 A.2d at 384, the alleged bias or prejudice "'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Accord Jackson v. State*, 684 A.2d 745, 753 (Del. 1996); *State v. Fink* [*5] , Del. Super., Def. ID # 0005008005, Vaughn, J. (June 14, 2002) at 5-6, *aff'd*, 817 A.2d 781 (Del. 2003).

The objectivity is viewed, not through the defendant or his attorney's eyes, but from an objective observer's viewpoint. *State v. Phillips*, Del. Super., Def. ID # 0201017168, Ableman, J. (July 3, 2003) at 12-13. As explained in *State v. Phillips, supra* at 16-17:

There is a compelling policy reason for a judge not to disqualify herself at the behest of a party who claims an appearance of prejudice, without a factual or reasonable objective basis to do so. In

the absence of genuine bias, a litigant should not be permitted to shop for a judge of his or her choosing. . . . In short, the orderly administration of justice cannot be subject to a party's self-created, unsupported claims of prejudice or the appearance of bias.

A party must set forth facts showing impartiality or the claim fails. *Bennett v. State*, Del. Supr., No. 110, 1994, Holland, J. (December 19, 1994); *Browne v. State*, Del. Super., Def. ID # 93K00678, Ridgely, P.J. (May 11, 1993), *aff'd*, Del. Supr., No. 184, 1993, Moore, J. (Dec. 30, 1993).

In the case at hand, defendant [*6] argues that the trial court "show's [sic] appearance of impropriety" and that the trial court will not treat his Rule 61 motion fairly. In support thereof, he argues the following. This Judge has presided over three trials where he was a defendant. [1] This Judge made pretrial rulings in the case at hand which favored the State of Delaware ("the State"). Those rulings were with regard to prior bad acts, and they allowed for testimony beyond the bad acts which "contaminated the integrity and fairness of the trial." It was clear during sentencing that this Judge "harbored strong feeling [sic] about Franklin's drinking and acts against his wife" and the Judge "apparently viewed the rape of Mrs. Franklin as an attack on the judicial process." Finally, he believes the Judge's comments at sentencings in October, 2003 [2] and February, 2004, prejudice him from receiving a full and fair review of this Rule 61 motion.

1    At one point, the following charges were pending against defendant in one case: rape first causing an injury (5 counts); terroristic threatening; endangering the welfare of a child; driving under the influence (fourth offense); unlawful sexual contact in the third degree (2 counts); and sexual harassment. I granted defendant's motion to sever the various charges to prevent prejudice to him. The order provided that the rape first, terroristic threatening and endangering the welfare of a child charges would be tried in one trial (*State v. Franklin*, Def. ID # 0304010407C); the unlawful sexual contact in the third degree and sexual harassment charges would be tried at another trial (*State v. Franklin*, Def. ID # 0304010407B); and the driving under the influence charge would be tried at a third trial (*State v. Franklin*, Def. ID # 0304010407A). I presided over each trial. Defendant was convicted of the driving under the influence charge and the

charges in the case at hand. He was acquitted of the unlawful sexual contact in the third degree and sexual harassment charges.

[*7]

> 2  Defendant was convicted of driving under the influence on October 28, 2003, and sentenced thereon on January 30, 2004. Apparently, it is this sentencing of January 30, 2004, to which defendant is referring.

I have reviewed the transcript of the January 30, 2004, sentencing of defendant on his driving under the influence conviction in *State v. Franklin*, Def. ID # 0304010407A. I have reviewed the transcripts of the trial and the sentencing in this matter. I have reviewed the Presentence Report which was prepared in connection with defendant's sentencing on the driving under the influence conviction. I presided over three trials involving defendant and sentenced him in two of those cases as well as on a violation of probation in another case. My exposure to defendant through these judicial proceedings has led me to conclude he has an alcohol problem and when drinking, he commits crimes. Because defendant has continued to drink and commit crimes over a long period of time, I concluded the safety of the community was of paramount importance and he was not the type of person who should be returned [*8] to the community. I also concluded he obsessively wanted to control one of the victims and would pose a danger to her if not incarcerated. I expressed these opinions at the time I sentenced defendant in this case. I have no other opinions regarding defendant. I do not have any personal bias or prejudice towards him. I am satisfied that I can consider the pending motions free of bias or prejudice.

Furthermore, there is absolutely nothing in the record or in defendant's motions which would provide any objective basis for concluding that the Court's consideration of these postconviction matters will inhibit the public's confidence and integrity in the judicial system. To restate, defendant has not set forth any facts or evidence which would establish a lack of impartiality.

In conclusion, I deny the motion to recuse.

I now turn to the merits of the motion for postconviction relief, which contains two claims of ineffective assistance of counsel. Since this is the first time defendant could advance these claims, they are not procedurally barred.

To establish a claim of ineffective assistance of counsel, defendant must show that trial counsel's representation fell below an objective [*9] standard of reasonableness and but for the attorney's unprofessional errors, the outcome of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). With regard to the

actual prejudice aspect, "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland v. Washington*, 466 U.S. at 694.

The Supreme Court recently has expressed the necessity of obtaining an affidavit from trial counsel where a defendant asserts claims of ineffective assistance of counsel. *Guinn v. State*, Del. Supr., No. 52, 2005, Holland, J. (Sept. 7, 2005) at 5; *Horne v. State*, Del. Supr., No. 520, 2004, Holland, J. (Aug. 5, 2005) at 5-6. The affidavit requirement is important to the first prong of defendant's burden. However, because I rule that defendant cannot establish the prejudice prong even if he shows trial counsel was ineffective, no need exists for the affidavit to be provided.

Defendant's first argument is that trial counsel was ineffective [*10] because she failed to object to an immediate sentencing and failed to offer mitigating evidence at his sentencing. The only non-conclusory argument he advances in connection with this claim is that trial counsel should have produced mitigating evidence that he was mentally slow. In support thereof, he seeks to include in the record a letter from his sister explaining that he was mentally slow. [3]

> 3  This letter does not establish his family was poor and was unable to obtain help for him, which is an argument he seems to make.

As defendant correctly notes, this Court sentenced defendant immediately upon his conviction. In January, 2004, the Court had reviewed the previously-referenced Presentence Report which the Investigative Services Office prepared upon defendant's conviction on a felony driving under the influence charge. This Court noted the day before the verdict was returned in this case that it would be a waste of taxpayer resources to require the preparation of another Presentence Report merely a month [*11] after the last report had been submitted and announced that the Court was prepared to sentence defendant should he be convicted. Transcript of February 24, 2004, proceedings at F-99. The Court also stated: "So that means that if there is anything that you want to say tomorrow from the defense's viewpoint, you should be ready. I just wanted to give you a heads-up." *Id.*

I will assume that trial counsel should have presented the mitigating evidence defendant references. However, he cannot establish the outcome would have been different. The Court was aware, through the Presentence Report, that defendant was of below average intelligence. Since the Court already had that information

when it sentenced defendant, defendant cannot establish prejudice and this claim fails.

Defendant next argues that trial counsel was ineffective because she failed to file a motion that this Court recuse itself from presiding over the trial in this matter. In support thereof, he argues as follows. This Judge presided over two other trials of defendant before this one took place. The Trial Court had prior knowledge of defendant's drinking, mood swings, and prior "bad acts". The Trial Court knew too much [*12] prejudicial information to be making pretrial rulings or presiding over the trial. Finally, it is obvious this Judge "harbored strong feelings about Franklin's prior D.U.I., Drinking and mood swings against his wife."

I will assume that trial counsel should have filed the motion to recuse. Defendant, however, cannot meet the prejudice prong; i.e., he cannot show that the outcome of the trial would have been other than what it was.

I refer defendant to the standards for recusal set forth earlier. I also note these additional principles. "[A] judge's participation in prior proceedings involving a defendant does not per se disqualify his participation in subsequent, unrelated proceedings." *Weber v. State*, 547 A.2d at 952. Furthermore, as explained in State v. Fink, Del. Super., Def. ID # 0003008673, Vaughn, J. (July 19, 2002), at 2-3:

> It is generally held that the fact that a judge has presided over an earlier trial involving a defendant does not disqualify that judge from presiding over a later trial involving the same defendant. [Citation and footnote omitted.]

I can conclusively state that I would not have granted a motion to recuse. I did not then, [*13] and I do not now, feel personal bias or prejudice towards defendant. Furthermore, defendant has not cited any fact which demonstrates that the Court's participation as the trial judge in this case inhibited the public's confidence and integrity in the judicial system.

Since defendant cannot establish the prejudice prong, this claim fails also. For the foregoing reasons, I deny defendant's motion for postconviction relief. In light of the foregoing, no need exists for an evidentiary hearing, and I deny that request, also. Finally, because defendant did not present any evidence or argument to support the appointment of a psychiatrist, I deny that motion.

In conclusion and for the foregoing reasons, I deny each of defendant's pending motions with the exception of the motion to expand the record to include his sister's letter.

IT IS SO ORDERED.

Richard F. Stokes

Westlaw.

901 A.2d 119                                                                                Page 1

901 A.2d 119, 2006 WL 1374675 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

**H**
Franklin v. State
Del.Supr.,2006.
(The decision of the Court is referenced in the
Atlantic Reporter in a 'Table of Decisions Without
Published Opinions.')
Supreme Court of Delaware.
John M. FRANKLIN, Defendant Below, Appellant,
v.
STATE of Delaware, Plaintiff Below, Appellee.
**No. 622,2005.**

Submitted: Feb. 6, 2006.
Decided: May 17, 2006.

Court Below-Superior Court of the State of
Delaware, in and for Sussex County in
S03-04-1083R1-1089R1. Def. ID No.
0304010407C.

Before STEELE, Chief Justice, JACOBS and
RIDGELY, Justices.

*ORDER*
RIDGELY, Justice.
*1 This 17th day of May 2006, upon consideration
of the appellant's opening brief and the appellee's
motion to affirm pursuant to Supreme Court Rule
25(a), it appears to the Court that:

(1) The appellant, John M. Franklin, has appealed
the Superior Court's decision dated November 29,
2005, that summarily denied his first motion for
postconviction relief pursuant to Superior Court
Criminal Rule 61. The State of Delaware has moved
to affirm the judgment of the Superior Court on the
ground that it is manifest on the face of Franklin's
opening brief that the appeal is without merit. We
agree and affirm.

(2) In June 2003, Franklin was charged by
information with eleven offenses: five counts of
Rape in the First Degree, one count of Terroristic

Threatening, one count of Endangering the Welfare
of a Child, one count of Driving Under the
Influence (fourth offense), two counts of Unlawful
Sexual Contact in the Third Degree and one count
of Sexual Harassment. On October 27, 2003, the
Superior Court severed the charges into three cases
and proceeded to a jury trial on the single charge of
Driving Under the Influence (fourth offense) ("the
DUI case").

(3) The jury convicted Franklin in the DUI case.
Thereafter, the trial judge ordered a presentence
investigation and, in January 2004, sentenced
Franklin to four years at Level V suspended after
six months and upon successful completion of the
Key Program, for decreasing levels of supervision.
On direct appeal, this Court affirmed.[FN1]

> FN1. *Franklin v. State,* 2004 WL 2419098
> (Del.Supr.).

(4) In December 2003, the trial judge presided over
Franklin's second case, a jury trial on two counts of
Unlawful Sexual Contact in the Third Degree and
one count of Sexual Harassment ("the USC case").
Franklin was acquitted in the USC case.[FN2]

> FN2. *See State v. Franklin,* Del.Super., Cr.
> ID No. 0304010407B, docket at 11.

(5) One month after the sentencing in the DUI case,
the trial judge presided over Franklin's third case,
which was also a jury trial. In that case, Franklin
was convicted of five counts of Rape in the First
Degree, one count of Terroristic Threatening and
one count of Endangering the Welfare of a Child ("
the rape case"). Immediately following the jury
verdict in the rape case and after reviewing the
presentence report that was filed in the DUI case,
the trial judge sentenced Franklin to a total of 127
years at Level V, including seventy-five years
mandatory, followed by six months at Level III. On

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

901 A.2d 119                                                                                    Page 2

901 A.2d 119, 2006 WL 1374675 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

direct appeal, this Court affirmed.[FN3]

> FN3. *Franklin v. State,* 2005 WL 528674
> (Del.Supr.).

(6) In August 2005, Franklin filed a motion for
postconviction relief in the rape case. Franklin also
filed a related motion to expand the record to
include an affidavit,[FN4] and a "motion of recusal"
seeking to disqualify the trial judge from
considering the postconviction motion.[FN5]
Franklin also requested an evidentiary hearing.

> FN4. Franklin sought to expand the record
> to include an affidavit from his sister
> attesting to his history of learning
> difficulties at school.

> FN5. Franklin alleged that the Trial
> Judge's participation in the DUI case, the
> USC case and the rape case, was
> objectively improper, and that the Trial
> Judge was, in fact, biased and would not
> treat Franklin's postconviction motion
> fairly.

(7) The trial judge denied the recusal motion but
permitted Franklin to expand the record to include
the affidavit. In the same decision, the trial judge
summarily denied Franklin's postconviction motion.
This appeal followed.

**\*2** (8) In his opening brief on appeal, Franklin
argues that his defense counsel was ineffective
when she failed to make a pretrial request to
disqualify the trial judge. In a related claim,
Franklin argues that the trial judge abused his
discretion when he declined to disqualify himself
from considering the postconviction motion. As to
both claims, Franklin alleges that the trial judge
derived information from the DUI case and the
USC case that prejudiced Franklin in the rape case.

(9) On appeal from a judge's disqualification
decision, this Court must determine "whether, as a
matter of subjective belief, the judge was satisfied
that he or she could proceed to hear the case free of

bias or prejudice concerning a party." [FN6] In
addition, the Court must determine whether
objectively there was "an appearance of bias" that
warranted the judge's disqualification.[FN7] The
standard of review is abuse of discretion . [FN8]

> FN6. *Jackson v. State,* 684 A.2d 745,
> 752-53 (Del.1996) (citing *Los v. Los,* 595
> A.2d 381, 384-85 (Del.1991)).

> FN7. *Id.*

> FN8. *Id.*

(10) In this case, the trial judge subjectively
determined that he could consider Franklin's
postconviction motion free from bias and prejudice.
The trial judge also concluded that there was no
objective basis upon which to find an appearance of
bias that would disqualify him from considering
Franklin's motion.

(11) Having carefully reviewed the record and the
parties' positions on appeal, the Court is satisfied
that there are no objective grounds upon which to
doubt the impartiality of the trial judge and no
reason to disturb his discretionary ruling.[FN9]
Furthermore, in view of the disposition of Franklin's
recusal issue on appeal, the Court concludes that
there is no merit to the claim that Franklin's counsel
was ineffective when she failed to file a pretrial
motion to disqualify.[FN10]

> FN9. *See In re* Wittrock, 649 A.2d 1053,
> 1054 (Del.1994) ( "[p]revious contact
> between the judge and a party, in the same
> or a different judicial proceeding, does not
> require automatic disqualification.")
> (quoting *Los v. Los,* 595 A.2d 381, 384
> (Del.1991))).

> FN10. *Cf. Skinner v. State,* 607 A.2d 1170,
> 1173 (Del.1992) (holding that rejection of
> the underlying substantive issue precluded
> a showing of prejudice on a related claim
> of ineffective assistance of counsel).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

901 A.2d 119

901 A.2d 119, 2006 WL 1374675 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

Page 3

(12) Franklin alleges that his counsel was ineffective when she failed to produce "mitigating evidence" on Franklin's behalf at sentencing, *i.e.,* evidence to substantiate his below average intelligence, mental illness and substance abuse. To prevail on his claim, Franklin must demonstrate that counsel's representation at sentencing was objectively unreasonable and that, but for counsel's unreasonable representation, there is a reasonable probability that the outcome of Franklin's sentencing would have been different.[FN11]

> FN11. *Brawley v. State,* 1992 WL 353838 (Del.Supr.) (citing *Robinson v. State,* 562 A.2d 1184, 1185 (Del.1989) (quoting *Strickland v. Washington,* 466 U.S. 668 (1984))).

(13) Franklin faced a mandatory sentence of seventy-five years at Level V, *i.e.,* fifteen years at Level V for each of the five convictions of Rape in the First Degree.[FN12] Counsel's failure to produce " mitigating evidence" at sentencing had no effect on the mandatory sentences imposed in Franklin's case. Additionally, Franklin has not demonstrated that he was prejudiced as a result of his counsel's alleged errors. The trial judge did not abuse his discretion when he determined that Franklin did not establish a meritorious claim of ineffective assistance of counsel.

> FN12. *See* Del.Code Ann. tit. 11, §§ 773(a)(1), 4205(b)(1) (providing that a person guilty of Rape in the First Degree is subject to a sentence of incarceration not less than fifteen years).

(14) Franklin argues that the trial judge abused the court's discretion when he decided Franklin's ineffective assistance of counsel claim without an affidavit from trial counsel and without conducting a hearing on the reasonableness of counsel's representation.[FN13]  We  disagree.  When considering Franklin's ineffective assistance of counsel claim, the trial judge assumed for the purpose of argument that counsel's representation was unreasonable. Given that assumption, neither

an affidavit nor a hearing was necessary.[FN14]

> FN13. *See Horne v. State,* 887 A.2d 973, 974-75 (Del.2005) (noting that a defendant's first motion for postconviction relief is the best opportunity to raise ineffective assistance of counsel, and thus the "preferable practice" in the Superior Court is to obtain an affidavit from trial counsel responding to an allegation of ineffectiveness).

> FN14. *See* Del.Super. Ct.Crim. R. 61(d)(4) (providing that the Superior Court may summarily dismiss a postconviction motion if it "plainly appears from the motion" and the record that the defendant is not entitled to relief).

**\*3** (15) On appellate review, the Superior Court record is sufficient for us to consider the substance of Franklin's arguments in support of his motion for postconviction relief.[FN15]  Having  carefully reviewed that record and the parties' submissions, it is manifest that the judgment of the Superior Court should be affirmed on the basis of its well-reasoned decision dated November 29, 2005. The issues on appeal are controlled by settled Delaware law. To the extent that judicial discretion is implicated, there was no abuse of discretion.

> FN15. *Compare Horne v. State,* 887 A.2d 973, 975 (Del.2005) (determining that Superior Court record without affidavit or sworn testimony was "incomplete and inadequate" on appeal to review the reasonableness of trial counsel's representation).

NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

Del.Supr.,2006.
Franklin v. State
901 A.2d 119, 2006 WL 1374675 (Del.Supr.)

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

901 A.2d 119                                                                                           Page 4

901 A.2d 119, 2006 WL 1374675 (Del.Supr.)
**(Cite as: 901 A.2d 119)**

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d

Page 1

Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**H**
Mundy v. Snyder
D.Del.,2002.
Only the Westlaw citation is currently available.
United States District Court, D. Delaware.
Michael McKinley MUNDY, Petitioner,
v.
Robert SNYDER, Warden, and Attorney General of
the State of Delaware, Respondents.
**No. Civ.A. 00-69-GMS.**

June 10, 2002.

*MEMORANDUM AND ORDER*
SLEET, J.
*1 Following a jury trial in the Delaware Superior
Court, Michael McKinley Mundy was convicted of
unlawful sexual intercourse, kidnaping, and
possession of a deadly weapon during the
commission of a felony. Mundy is presently serving
his sentence of twenty-nine years at the Delaware
Correctional Center in Smyrna, Delaware. He has
filed with the court a petition for a writ of habeas
corpus pursuant to 28 U.S.C. § 2254, as well as an
amendment to his petition, asserting two claims for
relief. For the reasons set forth below, the court
concludes that Mundy's claims are procedurally
barred from federal habeas review, and will deny
the petition and the requested relief.

### I. BACKGROUND

On March 17, 1997, a Delaware grand jury charged
Michael Mundy with unlawful sexual intercourse in
the first degree, two counts of attempted unlawful
sexual intercourse in the second degree, two counts
of kidnaping in the first degree, and possession of a
deadly weapon during the commission of a felony.
The indictment alleged that on February 4, 1997,
Mundy twice attacked the same victim, struck her,
attempted to force her to engage in sexual
intercourse, and forced her to perform oral sex

while he was brandishing a stick. At trial, evidence
was offered to show that the victim escaped the first
attack only to be attacked a second time just a few
blocks away. On November 18, 1998, a Superior
Court jury found Mundy guilty of first degree
unlawful sexual intercourse, one count of first
degree kidnaping, and possession of a deadly
weapon. The jury found Mundy not guilty of the
remaining charges. The Superior Court sentenced
Mundy on January 30, 1998, to twenty-nine years in
prison followed by a period of probation. The
Delaware Supreme Court affirmed Mundy's
conviction. *Mundy v. State,* No. 86, 1998, 1998 WL
991235 (Del. Dec. 30, 1998).

On July 8, 1999, Mundy filed in the Superior Court
a motion for trial transcripts, which the Superior
Court denied. *State v. Mundy,* No. 9702002522
(Del.Super.Ct. July 15, 1999). Mundy appealed
from the Superior Court's denial of his request for
transcripts, but the Delaware Supreme Court
dismissed the appeal for lack of jurisdiction. *Mundy
v. State,* No. 347, 1999, 2000 WL 975111 (Del.
Aug. 5, 1999). Mundy then filed in the Superior
Court a motion for postconviction relief pursuant to
Rule 61 of the Superior Court Rules of Criminal
Procedure. Again he asked the Superior Court for
trial transcripts at no cost, but the Superior Court
denied his request. *State v. Mundy,* No.
9702002522 (Del.Super.Ct. Jan. 7, 2000).

While his Rule 61 motion was pending, Mundy
filed in this court the current petition for federal
habeas relief raising a single claim of prosecutorial
misconduct. (D.I.2.) Before the respondents filed an
answer, Mundy amended his petition to challenge
the Superior Court's denial of his requests for trial
transcripts. (D.I.6.) Subsequently, the Superior
Court denied Mundy's Rule 61 motion. *State v.
Mundy,* No. 9702002522, 2001 WL 914022
(Del.Super.Ct. July 30, 2001). The Delaware
Supreme Court affirmed the denial of
postconviction relief. *Mundy v. State,* No. 400,
2001, 2002 WL 87720 (Del. Jan. 18, 2002).

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**\*2** Mundy's amended petition for federal habeas relief is now before the court.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Pursuant to the federal habeas statute:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). Grounded on principles of comity, the requirement of exhaustion of state court remedies ensures that state courts have the initial opportunity to review federal constitutional challenges to state convictions. *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001).

To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). Although a state prisoner is not required to "invoke extraordinary remedies" to satisfy exhaustion, he must fairly present each of his claims to the state courts. *Boerckel,* 526 U.S. at 845, 848. A claim raised in a federal habeas petition has been fairly presented if it is "the substantial equivalent of that presented to the state courts" and if the state court has "available to it the same method of legal analysis as that to be employed in federal court." *Werts,* 228 F.3d at 192 (quoting *Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997), *cert. denied,* 532 U.S. 919 (2001)). Fair presentation also requires the petitioner to utilize a state procedural vehicle that affords the state courts the opportunity to consider his claims on the merits. *Castille v. Peoples,* 489 U.S. 346, 351 (1989).

If a claim has not been fairly presented to the state courts, but state procedural rules preclude a petitioner from seeking further relief in the state courts, the exhaustion requirement is deemed satisfied because further state court review is unavailable. *Lines v. Larkins,* 208 F.3d 153, 160 (3d Cir.2000), *cert. denied,* 531 U.S. 1082 (2001). Although deemed exhausted, such claims are nonetheless procedurally defaulted. *Id.* Federal courts may not consider the merits of procedurally faulted claims unless the petitioner demonstrates cause for the default and prejudice resulting therefrom, or a fundamental miscarriage of justice. *Coleman v. Thompson,* 501 U.S. 722, 750 (1991); *Lines,* 208 F.3d at 160.

In order to demonstrate cause for a procedural default, a petitioner must show that "some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier,* 477 U.S. 478, 488 (1986). A petitioner may establish cause, for example, by showing that the factual or legal basis for a claim was not reasonably available or that government officials interfered in a manner that made compliance impracticable. *Werts,* 228 F.3d at 193. Additionally, ineffective assistance of counsel constitutes cause, but only if it is an independent constitutional violation. *See Coleman,* 501 U.S. at 755. A petitioner must also establish actual prejudice, which requires him to show "not merely that the errors at ... trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray,* 477 U.S. at 494.

**\*3** Alternatively, a federal court may excuse a procedural default if the petitioner demonstrates that failure to review the claim will result in a fundamental miscarriage of justice. *Edwards v. Carpenter,* 529 U.S. 446, 451 (2000). The miscarriage of justice exception applies only in extraordinary cases "where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496. Actual innocence means factual innocence, not legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998). To establish a miscarriage of

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 3

Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

justice, a petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. *Schlup v. Delo,* 513 U.S. 298, 326 (1995); *Werts,* 228 F.3d at 193.

### III. DISCUSSION

In his amended petition, Mundy articulates the following claims for relief:
(1) The prosecutor engaged in misconduct in his closing rebuttal by referencing specific counts of the indictment to specific locations not set forth in the indictment.
(2) The state courts violated his constitutional rights by refusing his requests for trial transcripts.

(D.I.2, 6.) In their answer, the respondents contend that Mundy has never presented his claim of prosecutorial misconduct as a federal claim to any state court, and that state procedural rules now preclude him from doing so. For this reason, they ask the court to find Mundy's claim of prosecutorial misconduct procedurally barred from federal habeas review. The respondents neglect to address Mundy's claim respecting the denial of his requests for transcripts. The court addresses Mundy's claims in turn.

### A. Prosecutorial Misconduct

In his petition, Mundy claims that the prosecutor engaged in misconduct in his closing rebuttal by improperly referencing specific counts of the indictment to specific locations. Although it is not entirely clear, it appears that Mundy alleges that the prosecutor improperly identified the two separate attacks by location when the indictment itself did not set forth any specific location of either attack. The respondents contend that Mundy raised this claim on direct appeal purely as a state law claim, not as a federal claim. They argue that to the extent Mundy now seeks to raise a federal claim, it is procedurally barred for failure to present it on direct appeal.

From Mundy's submissions, it is difficult to discern whether this claim rests solely on state law, or

whether it asserts a violation of Mundy's constitutional right to due process. A very liberal reading of this claim suggests that Mundy attempts to allege violations of both state and federal law.

To the extent that this claim rests on state law, it is not cognizable in this habeas proceeding. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties *of the United States.*" 28 U.S.C. § 2254(a)(emphasis added). Claims based on errors of state law are not cognizable on federal habeas review. *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Riley v. Harris,* 277 F.3d 261, 310 n. 8 (3d Cir.2001). Thus, to the extent that Mundy alleges a violation of state law, the court concludes that this claim is not cognizable in this proceeding.

**\*4** To the extent that Mundy alleges that the prosecutor's statements violated his federal constitutional right to due process, the court must first determine whether this claim was fairly presented as a federal claim to the state courts. According to the United States Supreme Court, a federal due process claim has not been fairly presented unless the state court has been "alerted to the fact that the prisoner[ ][is] asserting claims under the United States Constitution." *Duncan v. Henry,* 513 U.S. 364, 365-66 (1995). Referring to broad concepts such as "due process" and "a fair trial" is insufficient to alert a state court that a petitioner is raising federal constitutional claims. *Gray v. Netherland,* 518 U .S. 152, 163 (1996); *Keller v. Larkins,* 251 F.3d 408, 415 (3d Cir .), *cert. denied,* 122 S.Ct. 396 (2001).

The court has reviewed Mundy's briefs submitted to the Delaware Supreme Court on direct appeal. The court is unable to locate a single reference to any federal constitutional provision or other federal law, or a single citation to a case interpreting any federal constitutional provision. Rather, Mundy's argument on direct appeal relies solely on cases from the Delaware courts interpreting state law. Particularly significant is the absence of any reference to the standard enunciated by the United States Supreme Court in *Donnelly v. DeChristoforo,* 416 U.S. 637 (1974), for assessing constitutional challenges to a

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                Page 4

Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

prosecutor's remarks. According to *Donnelly*, a prosecutor's remarks violate the Constitution only when they "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process," when examined in light of the entire trial. *Id.* at 643. Mundy's briefs are devoid of any references to the *Donnelly* standard. For these reasons, the court cannot conclude that Mundy fairly presented a federal due process claim to the Delaware Supreme Court.

Because Mundy did not present a federal claim to the Delaware Supreme Court, the court must determine whether state procedural rules now preclude him from seeking relief in the state courts on his federal due process claim. If so, his claim is procedurally defaulted, and the court may not consider its merits unless Mundy demonstrates either cause and prejudice, or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750; *Lines*, 208 F.3d at 160.

The respondents argue that Mundy's federal claim is procedurally barred because he failed to raise it on direct appeal. Pursuant to Rule 61(i)(3):
Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of this court, is thereafter barred, unless the movant shows
(A) Cause for relief from the procedural default and
(B) Prejudice from violation of the movant's rights.

Super. Ct. R.Crim. P. 61(i)(3). Under this rule, failure to raise an issue on direct appeal generally renders a claim procedurally defaulted absent a showing of cause and prejudice. *Bialach v. State*, 773 A.2d 383, 386 (Del.2001). Here, Mundy did not raise a federal due process claim on direct appeal, nor has he explained why he did not. Accordingly, state court review of his federal due process claim is procedurally barred.

**\*5** The remaining question as to this claim is whether the court can excuse Mundy's procedural default. His explanation for failure to exhaust his claims is that the Superior Court refused his requests for transcripts. Mundy's procedural default, however, is the failure to raise a federal claim on

direct appeal. On direct appeal, Mundy's attorney submitted copies of portions of the transcript and cited to the transcripts in his briefs. Plainly, the lack of transcripts did not prevent Mundy from fairly presenting a federal claim to the Delaware Supreme Court.

In short, the court finds that Mundy failed to present his federal due process claim to the Delaware Supreme Court on direct appeal, and that state court review of this claim is clearly foreclosed. Mundy has also failed to articulate any reason permitting the court to excuse his procedural default. Therefore, his federal due process claim based on the prosecutor's remarks is procedurally barred from federal habeas review.[FN1]

> FN1. Even if the court could conclude that Mundy fairly presented his federal due process claim to the Delaware Supreme Court on direct appeal, this claim lacks merit. Under *Donnelly*, a prosecutor's remarks violate a criminal defendant's constitutional right to due process only when those remarks "so infect[ ] the trial with unfairness as to make the resulting conviction a denial of due process," when examined in light of the entire trial. *Donnelly*, 416 U.S. at 643. Here, Mundy challenges the prosecutor's reference in his closing rebuttal to the specific locations of the two attacks on the ground that those locations were not set forth in the indictment. The court is unable to fathom, nor has Mundy explained, how these isolated, brief, and apparently innocuous remarks could have infected Mundy's trial with such unfairness as to invalidate his conviction.

B. Denial of Requests for Transcripts

In an amendment to his petition, Mundy alleges that the state courts violated his constitutional rights by denying his requests for transcripts. As described above, the Superior Court twice denied Mundy's requests for transcripts. The respondents have neglected to respond to this claim.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                                                    Page 5

Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

The court's independent examination of the record reveals that Mundy has failed to fairly present this claim to the Delaware Supreme Court. While it is true that Mundy attempted to present this claim on appeal from the first order denying his request for transcripts, the Delaware Supreme Court dismissed the appeal for lack of jurisdiction. The Delaware Supreme Court explained that it had no jurisdiction over such interlocutory appeals in criminal matters. *Mundy,* 2000 WL 97511 at * * 1. Because Mundy selected the incorrect procedural vehicle to present this claim, he did not fairly present it to the Delaware Supreme Court. *See Castille,* 489 U.S. at 351. Additionally, Mundy did not present this claim to the Delaware Supreme Court on appeal from the denial of postconviction relief. The court thus concludes that Mundy has never fairly presented this claim to the Delaware Supreme Court.

The court must next determine whether this claim is now procedurally barred from further state court review. Pursuant to Rule 61(i)(4):

Former Adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

Super. Ct. R.Crim. P. 61(i)(4). Reconsideration is warranted in the interest of justice where " subsequent legal developments have revealed that the trial court lacked the authority to convict or punish the accused." *Cruz v. State,* No. 446, 1995, 1996 WL 21060 (Del. Jan. 10, 1996) (quoting *Flamer v. State,* 585 A.2d 736, 746 (Del.1990)).

**\*6** In the matter at hand, Mundy twice requested trial transcripts from the Superior Court. The second request was raised in the context of Mundy's postconviction proceedings. Both requests were denied, thus rendering this claim formerly adjudicated by the Superior Court. The record reveals no subsequent legal developments suggesting that the Superior Court lacked the authority to convict or sentence Mundy. The court thus concludes that further state court review of this claim is clearly foreclosed by Rule 61(i)(4).

Because Mundy's claim based on the denial of transcripts is procedurally defaulted, the court must determine whether his procedural default may be excused. Mundy could have presented this claim to the Delaware Supreme Court in his postconviction appeal. *See Browne v. State,* No. 492, 1991, 1992 WL 21146 (Del. Jan. 21, 1992). He offers absolutely no explanation for his failure to do so. The court can discern no reason to excuse his default.

In short, Mundy failed to fairly present his claim based on the denial of trial transcripts to the Delaware Supreme Court. This claim is now procedurally barred. The court is unable to conclude that this procedural default should be excused. Federal habeas review of this claim, therefore, is unavailable.

### C. Request for Production of Documents

On March 10, 2000, Mundy filed a document asking the court to order the production of certain documents, including trial transcripts and briefs he submitted to the state courts. (D.I.9.) In federal habeas proceedings, discovery is not permitted unless "the judge in the exercise of his discretion and for good cause shown grants leave to do so." Rule 6(a) of Rules Governing Section 2254 Cases in the United States District Courts. After examining the record in this matter, the court has concluded that federal habeas relief as to Mundy's claims is unavailable. Thus, good cause to grant Mundy's request is lacking. Accordingly, the court will deny Mundy's request to order the production of documents.

### IV. CERTIFICATE OF APPEALABILITY

Finally, the court must determine whether a certificate of appealability should issue. *See* Third Circuit Local Appellate Rule 22.2. The court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requires the petitioner " demonstrate that reasonable jurists would find the

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 6

Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

Here, the court has concluded that Mundy's claims are procedurally barred from federal habeas review. The court is persuaded that reasonable jurists would not find its conclusions debatable or wrong. Mundy has, therefore, failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

## V. CONCLUSION

\*7 For the foregoing reasons, IT IS HEREBY ORDERED THAT:

1. Michael McKinley Mundy's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (D.I.2, 6) is DENIED.

2. Mundy's request for the production of documents (D.I.9) is DENIED.

3. The court declines to issue a certificate of appealability for failure to satisfy the standard set forth in 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

D.Del.,2002.
Mundy v. Snyder
Not Reported in F.Supp.2d, 2002 WL 1285547 (D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Westlaw.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
(Cite as: Not Reported in F.Supp.2d)

Page 1

**H**
Coffield v. Carroll
D.Del.,2004.
Only the Westlaw citation is currently available.
United States District Court,D. Delaware.
Anthony X. COFFIELD, Petitioner,
v.
Thomas CARROLL, Warden, and M. Jane Brady,
Attorney General of the State of Delaware,
Respondents.
**No. Civ. 03-367-SLR.**

Dec. 1, 2004.

Anthony X. Coffield, petitioner, pro se.
Elizabeth R. McFarlan, Deputy Attorney General,
Delaware Department of Justice, Wilmington,
Delaware, for respondents.

MEMORANDUM OPINION
ROBINSON, Chief J.

I. INTRODUCTION

*1 Petitioner Anthony X. Coffield is a Delaware
inmate in custody at the Delaware Correctional
Institution in Smyrna, Delaware. Currently before
the court is petitioner's application for a writ of
habeas corpus pursuant to 28 U.S.C. § 2254. (D.I.2)
For the reasons that follow, the court will dismiss
his application.

II. FACTUAL AND PROCEDURAL
BACKGROUND

On May 3, 1999, three separate businesses in
Wilmington, Delaware were robbed at gunpoint: a
pharmacy, a discount tire store, and a Cumberland
Farms store. Petitioner was indicted in the Delaware
Superior Court for these robberies on four counts of
robbery in the first degree (11 Del. C. Ann. § 832),
four counts of possession of a firearm during the

commission of a felony ("PFDCF") (11 Del. C.
Ann. § 1447A), one count of possession of a deadly
weapon by a person prohibited, one count of
possession of ammunition for a firearm by a person
prohibited, and one count of possession with intent
to deliver cocaine.

Immediately before petitioner's March 2000 jury
trial, the State realized there was a discrepancy
between the evidence and count II of the
indictment, which involved the Cumberland Farms
robbery. According to count II, petitioner, "in the
course of committing theft, did threaten the
immediate use of force upon Douglas Brock with
intent to compel the said victim to deliver up ...
U.S. currency ... and displayed what appeared to be
a deadly weapon ... a .25 caliber handgun." (D.I.
11, Indictment by the Grand Jury, ID #
9905004704). Douglas Brock was an off-duty
Cumberland Farms employee present at the time of
the robbery. Even though petitioner threatened
Brock with the gun and forced him to lie on the
floor, he did not demand any currency from Brock
or forcibly remove any property from him. Rather,
petitioner actually forced the clerk on duty, Francis
Jackson, to hand over currency.

After detecting this discrepancy, but before the trial
started, the State filed a motion to amend the
indictment by changing the victim's name from
Douglas Brock to Francis Jackson. Although the
Superior Court judge initially denied the motion, he
granted the motion at the close of the State's case.

The jury found petitioner guilty of three counts of
robbery in the first degree (including the
Cumberland Farms' robbery), three counts of
possession of a firearm during the commission of a
felony, one count of possession of a firearm by a
person prohibited, and the lesser included offense of
possession of cocaine. The jury acquitted petitioner
of one count of robbery in the first degree, and the
state court granted petitioner's motion for judgment
of acquittal of one PFDCF count.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 2

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

The Superior Court sentenced petitioner to an aggregate of thirty-four years of incarceration, suspended after twenty-four years for decreasing levels of supervision. The Delaware Supreme Court affirmed petitioner's convictions and sentences on direct appeal, *Coffield v. State,* 794 A.2d 588 (Del.2002). Petitioner did not did not apply for post-conviction relief.[FN1] (D.I.10)

> FN1. When the State filed its answer on August 8, 2003, petitioner had not pursued post-conviction relief in state court. Thereafter, petitioner filed a motion to dismiss his § 2254 petition without prejudice, alleging he intended to file a motion for post-conviction relief under Delaware Superior Court Criminal Rule 61 to exhaust state remedies and avoid the procedural default discussed in the State's answer. (D.I. 12; D.I. 14) To date, it appears that petitioner has not filed any post-conviction motions. Even if petitioner were to file state post-conviction motions, further state review would be barred, as would federal habeas review of the claims. *See infra* pp. 17-19.

*\*2 In April 2003, petitioner filed the habeas application currently before the court. The grounds in his application are premised on the amendment to the indictment and allege that: (1) the amendment of the indictment violated his constitutional right to indictment by a grand jury; (2) Brock's and Jackson's testimony should have been limited to petitioner's alleged conduct against Brock, excluding all testimony as to conduct against Jackson; (3) the jury should have been instructed that any evidence of petitioner's misconduct against Jackson could not be considered for a substantive purpose or as indicative of petitioner's character; and (4) the prosecutor improperly presented a known false charge to the grand jury in violation of the petitioner's due process rights. (D.I. 2, at ¶ 7)

The State filed an answer, asking the court to dismiss petitioner's habeas application because: (1) the grand jury indictment amendment claim is a state law claim not cognizable on federal habeas

review; (2) to the extent the indictment amendment claim raises a due process issue, the Delaware Supreme Court's decision upholding the amendment does not warrant habeas relief under § 2254(d)(1); (3) petitioner's procedural default of the evidentiary claim in state court bars this court from providing federal habeas review of the claim; and (4) the court is procedurally barred from reviewing the merits of the prosecutorial misconduct claim because petitioner procedurally defaulted the claim at the state court level. (D.I.10)

After the State filed its answer, petitioner filed two motions asking for permission to voluntarily withdraw his petition without prejudice. (D.I. 12; D.I. 14) The State opposed dismissal without prejudice (D.I.13), and this court denied petitioner's motions. (D.I.16)

Petitioner's federal habeas application is now ready for review.

### III. GOVERNING LEGAL PRINCIPLES

#### A. The Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "to reduce delays in the execution of state and federal criminal sentences ... and to further the principles of comity, finality, and federalism." *Woodford v. Garceau,* 538 U.S. 202, 206 (2003) (internal citations and quotation marks omitted). AEDPA increases the deference federal courts must give to state court decisions, primarily by imposing procedural requirements and standards for analyzing the merits of a habeas petition. *See id.* at 206. Generally, AEDPA "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone,* 535 U.S. 685, 693 (2002).

#### B. Exhaustion and procedural default

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Under AEDPA, a federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Absent exceptional circumstances, a federal court cannot review a habeas petition unless the petitioner has exhausted all means of available relief under state law. 28 U.S.C. § 2254(b); *O'Sullivan v. Boerckel,* 526 U.S. 838, 842-44 (1999); *Picard v. Connor,* 404 U.S. 270, 275 (1971). AEDPA states:

**\*3** An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -

(A) the applicant has exhausted the remedies available in the courts of the State; or

(B)(i) there is an absence of available State corrective process; or

(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). A petitioner "shall not be deemed to have exhausted remedies available ... if he has the right under the law of the state to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The exhaustion requirement is based on principles of comity, requiring the petitioner to give "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 844-45; *Werts v. Vaughn,* 228 F.3d 178, 192 (3d Cir.2000). Generally, the petitioner must demonstrate that the habeas claim was fairly presented to the state's highest court, either on direct appeal or in a post-conviction proceeding. *See Lambert v. Blackwell,* 134 F.3d 506, 513 (3d Cir.1997) (citations omitted); *Coverdale v. Snyder,* 2000 WL 1897290, at \*2 (D.Del. Dec. 22, 2000). A petitioner fairly presents a claim to the state courts by asserting a legal theory and facts substantially equivalent to those contained in his federal habeas petition. *Coverdale,* 2000 WL 1897290, at \*2; *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996). Fair presentation also requires that the claim be raised in a procedural context in which the state

courts can consider it on the merits. *Castille v. Peoples,* 489 U .S. 346, 351 (1989). The exhaustion requirement is satisfied even if the state court did not actually consider or discuss a federal claim that was fairly presented to the state's highest court. *See Swanger v. Zimmerman,* 750 F.2d 291, 295 (3d Cir.1984).

If a petitioner fails to exhaust state remedies, and state procedural rules prevent him from seeking further review in state courts, then the petitioner's failure to exhaust is excused. *Lines v. Larkin,* 208 F.3d 153, 160 (3d Cir.2000); *Wenger v. Frank,* 266 F.3d 218, 223 (3d Cir.2001); *see Teague v. Lane,* 489 U.S. 288, 297-98 (1989). Although deemed exhausted, such claims are still procedurally defaulted, thereby precluding a federal habeas court from reviewing the merits of the claims absent a showing of cause for the procedural default and actual prejudice resulting therefrom, or that a fundamental miscarriage of justice will result if the court does not review the claims. *Coleman v. Thompson,* 501 U.S. 722, 749, 750-1 (1991); *Lines,* 208 F.3d at 160; *McCandless v. Vaughn,* 172 F.3d 255, 260 (3d Cir.1999).

### C. Standard of review under AEDPA

Once a federal court determines that a claim is exhausted and not procedurally defaulted, it must next determine the appropriate standard for reviewing the habeas claim. If a state court adjudicated the federal habeas claim on the merits, then a federal habeas court can only grant habeas relief when the state court's adjudication of the claim:

**\*4** (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Williams v. Taylor,* 529 U.S. 362, 412 (2000); *Appel v. Horn,* 250 F.3d 203, 210 (3d Cir.2001). A state court has adjudicated a claim on the merits for the purposes

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

of 28 U.S.C. § 2254(d)(1) if the state court " decision finally resolv[es] the parties' claims, with res judicata effect, [and] is based on the substance of the claim advanced, rather than on a procedural, or other ground." *Rompilla v. Horn,* 355 F.3d 233, 247 (3d Cir.2004) (internal citations omitted). In short, "a failure to decide affects the standard of review; a failure to discuss (either at all or to the satisfaction of the habeas petitioner or the federal court) is irrelevant." *Id.*

AEDPA also requires a federal court to presume that a state court's determinations of factual issues are correct. 28 U.S.C. § 2254(e)(1). A petitioner can only rebut this presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El,* 537 U.S. at 341 (stating that the clear and convincing standard in § 2254(e)(1) applies to factual issues, whereas the unreasonable application standard of § 2254(d)(2) applies to factual decisions). This presumption of correctness applies to both explicit and implicit findings of fact. *Campbell v.. Vaughn,* 209 F.3d 280, 286 (3d Cir.2000).

### IV. DISCUSSION

#### A. Indictment amendment claim

Petitioner's claim regarding the amendment of the indictment asserts two separate issues: (1) whether changing the victim's name in the indictment violated the Fifth Amendment's grand jury indictment clause; and (2) whether the name change violated petitioner's due process rights under the Sixth Amendment.

Petitioner's first assertion, that only the grand jury could have changed the victim's name in the indictment, fails to state a claim cognizable on federal habeas review. Although the Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a grand jury," this right does not apply to state criminal actions. *Hurtado v. California,* 110 U.S. 516, 538 (1884); *see also Rose v. Mitchell,* 443

U.S. 545, 557 n. 7 (1979) ("there is no constitutional requirement that States institute prosecutions by means of an indictment returned by a grand jury"). Moreover, "the legality of an amendment to an indictment is primarily a matter of state law." *United States ex. rel Wojtycha v. Hopkins,* 517 F.2d 420, 425 (3d Cir.1975); *Alexander v. Louisiana,* 405 U.S. at 633; *Carter v. Jury Commission,* 396 U.S. 320, 330 (1970). Federal habeas relief is not available for alleged errors of state law, *Estelle v. McGuire,* 502 U.S. 62, 67 (1991), thus, the court will dismiss this claim. [FN2]

> FN2. In affirming the Superior Court's decision regarding the amendment of the grand jury indictment, the Delaware Supreme Court "recognized the common origins and purposes of the Fifth Amendment and the grand jury clause found in [Delaware's] Constitution." *Coffield,* 794 A.2d at 593 n. 13. The state court also examined federal cases applying the Fifth Amendment's grand jury indictment clause in order to reach its holding that "where no other prejudice to the defendant exists, the name of the alleged human victim is not an essential element of the crime of Robbery First Degree and the amendment of that portion of the indictment does not violate an individual's right under the Delaware Constitution to be charged for that felony by a grand jury indictment." *Coffield,* 794 A.2d at 593. Petitioner relies on the Delaware court's examination of federal law to imply that he has raised an issue cognizable on federal habeas review. (D.I. 2, at ¶¶ 7b(15)-(44)). Petitioner's argument is flawed, however, because the Delaware court's examination of and reference to the United States Constitution and federal caselaw does not change the fact that the Fifth Amendment's grand jury indictment clause does not apply to the states. In short, this issue still only presents a state law claim.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

**\*5** However, to the extent petitioner argues that amending the indictment during his trial deprived him of notice of the offense charged, he has presented the court with a federal due process issue cognizable on federal habeas review. *See, e.g., Wojtycha,* 517 F.2d at 425 (acknowledging that an amendment to a State indictment may raise federal due process issues). Petitioner presented this claim to the Delaware Supreme Court on direct appeal, thereby exhausting state remedies, and the Delaware Supreme Court adjudicated the issue on the merits. *See Coffield,* 794 A.2d at 594-95. Thus, the court must determine whether the Delaware Supreme Court's denial of this claim was either contrary to, or an unreasonable application of, clearly established federal law, as determined by the United States Supreme Court. *See* 28 U.S.C. § 2254(d)(1); *Williams,* 529 U.S. 362; *Werts v. Vaughn,* 228 F.3d 178 (3d Cir.2000), *cert. denied,* 532 U.S. 980 (2001) (holding that the Third Circuit's interpretation of § 2254(d)(1) in *Matteo v. Superintendent, SCI Albion,* 171 F.3d 877, 880 (3d Cir.1999) (en banc), is in accord with *Williams* ).

A state court decision is "contrary to" clearly established federal law if the reasoning or result of the state court decision contradicts the governing law set forth in the Supreme Court's cases. *Early v. Packer,* 537 U.S. 3, 81 (2002). A state court decision is an "unreasonable application" of Supreme Court precedent if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified." *Matteo,* 171 F.3d at 891; *Williams,* 529 U.S. at 412-13. Before reaching either prong, the court must first identify the clearly established Supreme Court precedent governing petitioner's claim. *Werts,* 228 F.3d at 197.

As previously explained, the legality of an amendment to a state indictment is an issue of state law. As such, this court cannot review the state court's determination that the name change was an amendment in form, not in substance. [FN3]

> FN3. Nevertheless, the court notes that the analysis utilized by the Delaware Supreme Court for determining that the amendment

was one of form, not of substance, parallels the method articulated in federal caselaw for determining whether a change to an indictment constitutes an amendment or a variance. *See Coffield,* 794 A.2d at 591-93; *Russell v. U.S.,* 369 U.S. 749, 771 (1962); *United States v. Miller,* 471 U.S. 130 (1985); *United States v. Castro,* 776 F.2d 1118, 1122 (3d Cir.1985); *United States v. Kelly,* 892 A.2d 255, 258 (3d Cir.1989). An amendment to an indictment is *per se* unconstitutional, but a variance constitutes reversible error only if the variance prejudices a substantial right of the defendant. *United States v. Kelly,* 892 F.2d 255, 258 (3d Cir.1989); *see United States v. Miller,* 471 U.S. 130 (1985); *United States v. Castro,* 776 F.2d 1118, 1122 (3d Cir.1985); *United States v. De Cavalcante,* 440 F.2d 1264, 1271-2 (3d Cir.1971). The difference between an amendment and a variance is described as follows:

An amendment of the indictment occurs when the charging terms of the indictment are altered, either literally or in effect, by prosecutor or court after the grand jury has last passed upon them. A variance occurs when the charging terms of the indictment are left unaltered, but the evidence offered at trial proves facts materially different from those alleged in the indictment.

*De Cavalcante,* 440 F.2d at 1271 (quoting *Gaither v. United States,* 413 F.2d 1061, 1071 (1969). After determining that the " name of the alleged human victim is not an essential element of the crime of Robbery First Degree," the Delaware Supreme Court proceeded to determine "whether the amendment otherwise prejudiced Coffield," i.e., whether the amendment violated his due process rights. *Coffield,* 794 A.2d at 593.

However, amending a state indictment can implicate Federal due process concerns. *See Wojtycha,* 517 F.2d at 425. The Sixth Amendment provides, in relevant part, that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

of the nature and cause of the accusation." U.S. Const. amend VI. This right applies to the states through the Fourteenth Amendment. *In re Oliver,* 333 U.S. 257 (1948). Consequently, a state prisoner has the right "to receive 'reasonable notice of the charges against him." ' *Chandler v. Moscicki,* 253 F.Supp.2d 478, 487-88 (W.D.N.Y. Mar. 10, 2003) (quoting *Hulstine v. Morris,* 819 F.2d 861, 863-64 (8th Cir.1987)); *cf. Peters v. Kiff,* 407 U.S. 493, 496 (1972). To determine whether an indictment satisfies due process, a court must ask whether the indictment: (1) contains the elements of the offense charged; (2) provides the defendant adequate notice of the charges against which he must defend; and (3) protects against double jeopardy by enabling the defendant to plead an acquittal or conviction to bar future prosecutions for the same offense. *Russell v. United States,* 369 U.S. 749, 763-64 (1962); *see also Wojtycha,* 517 F.2d at 425 ("Insofar as due process claims ... the indictment [must] fairly apprise the defendant of the charges to which he was subjected and of the basic facts upon which they were founded and provide[ ] adequate protection for double jeopardy purposes").

**\*6** Applying the foregoing principle to petitioner's claim demonstrates that the Delaware Supreme Court's denial of the claim is not contrary to, or an unreasonable application of, clearly established Federal law. The Delaware Supreme Court concluded that the amended indictment provided adequate notice to petitioner, stating that the " amendment in no way alters the[ ] essential facts of the incident and thus Coffield can neither claim that he was unaware of the offense charged or that the amendment obscures the underpinnings of the crime charged in a manner that submits him to the risk of a second prosecution." *Coffield,* 794 A.2d at 593-94 . This holding does not contradict clearly established federal law because it identifies and resolves the same three elements articulated by the governing Supreme Court precedent. Thus, habeas relief is not warranted under the "contrary to" prong of § 2254(d)(1).

The court also concludes that the Delaware Supreme Court's decision is not an unreasonable application of Supreme Court precedent. Before holding that petitioner's due process rights were not

violated by the name change, the Delaware Supreme Court completely reviewed the pertinent facts: (1) the victim named in the original indictment and the victim named in the amendment were both present at the time of the robbery and both were employees of the Cumberland Farms store; (2) petitioner displayed a handgun and threatened to harm both individuals; (3) the amendment did not alter the essential facts of the incident, namely, that petitioner robbed an individual person at the Cumberland Farms store in Wilmington, Delaware on May 3, 1999-the only difference between the terms of the two indictments is which of the two victims petitioner forced to retrieve money; (4) the amendment did not leave petitioner unaware of the offense charged; (5) the amendment did not expose defendant to the risk of a second prosecution; (6) the defense had equal access to both individuals and equal reason to interview them; and (7) petitioner based his defense for all the robberies charged in the indictment on the same alibi. *Coffield,* 794 A.2d at 593-94. The state court then concluded that the indictment provided petitioner with adequate notice of the crime charged and enabled him to prepare his defense. *Id.*

This court has independently reviewed the record and also concludes that amending the indictment did not violate petitioner's due process rights. In addition to the facts listed above, the record reveals that petitioner attended a violation of probation hearing in September 1999, where the arresting detectives testified as to the facts of the Cumberland Farms robbery. As such, even before his trial began and before the State moved to amend the indictment, petitioner was aware of the time and location of the crime, the manner in which the money was stolen, the two witnesses to the crime (Brock and Jackson), and the nature of the witnesses' testimony.

**\*7** Further, petitioner's defense at trial for all of the robberies was one of mistaken identity: someone else must have committed the robberies because he was somewhere else with his girlfriend when the offenses took place. Petitioner did not indicate to the state courts, nor has he indicated here, that he would not have presented this alibi defense "had he

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Page 21 of 23

Not Reported in F.Supp.2d

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

Page 7

known that the trial judge would grant the Motion to Amend." *Coffield,* 794 A.2d at 594. As such, the court concludes that the Delaware Supreme Court's denial of this claim can reasonably be justified under clearly established federal law. Thus, the court will dismiss this claim for failing to satisfy § 2254(d)(1).

### B. Evidentiary claim

Petitioner also asserts that the trial court erred by admitting evidence concerning Jackson, the victim named in the amended indictment. Specifically, he argues that because the original indictment named Brock as the victim, testimony from both Jackson and Brock regarding Jackson being robbed at gunpoint was impermissible testimony regarding a bad act by the defendant. (D.I. 2 at ¶¶ 7.a(8)-(9)) He argues that the admission of the testimony violated Delaware Rules of Evidence 402 and 403, and that the jury may have been confused when the indictment was amended and subsequently may have convicted him based on testimony that he threatened a different victim. *Id.* at ¶¶ 7.a.(8)-(10). Petitioner also contends that the Superior Court should have instructed the jury that the evidence could not be used for any substantive purpose or to infer his proclivity to commit crimes. *Id.* at ¶ 7. a(9).

The court agrees with the State's assertion that, to the extent petitioner's claim asserts an error of state evidentiary law, he has failed to present a claim cognizable on federal habeas review. *See Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Riley,* 277 F.3d 261, 311 n. 8 (3d Cir.2001); *Mundy v. Snyder,* 2002 WL 1285547, at *3 (D.Del. Jun. 10, 2002). Thus, the court will dismiss this claim.

To the extent this claim alleges a federal due process claim,[FN4] the State correctly acknowledges that petitioner has failed to exhaust state remedies. The record reveals that petitioner never presented a federal due process claim regarding the admission of Brock's and Jackson's testimony or the Superior Court's failure to instruct the jury regarding the allegedly limited value of the testimony to the state courts.[FN5] *See Duncan v. Henry,* 513 U.S. 364,

365-66 (1995) ("If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court"). Thus, the federal due process claim is unexhausted.

> FN4. The court liberally construes the evidentiary claim to assert a federal due process issue. Petitioner's claim that the jury was confused by the testimony appears to assert fundamental unfairness. *See Biscaccia v. Attorney General of State of N.J.,* 623 F.2d 307, 312 (3d Cir.1980) (A state court evidentiary error is cognizable in federal habeas proceedings only if the error "deprives a defendant of fundamental fairness in his criminal trial").

> FN5. Prior to trial, petitioner filed a motion to sever the charges in the indictment. One of his arguments was that he would "suffer prejudice from a joinder of these offenses which is in violation of [his] due process rights, and his right to a fair trial." (D.I. 11, Motion for Severance, at ¶ 4) The Superior Court denied the motion. In his direct appeal, petitioner argued that the trial court abused its discretion by denying the severance motion. Although he argued that he was prejudiced by the joinder of offenses, he did not allege to any state court that the admission of Brock's and Jackson's testimony violated his federal due process rights.

Petitioner's failure to exhaust is excused, however, because state procedural rules would prevent him from pursuing further state court review.[FN6] *See Coleman,* 501 U.S. at 750; *Lines,* 208 F.3d at 160. Although deemed exhausted, this claim is still procedurally defaulted, and federal habeas review is foreclosed unless petitioner establishes cause for his procedural default and prejudice resulting therefrom, or that a miscarriage of justice will result if the court refuses to hear the claim. *See Coleman v. Thompson,* 501 U.S. 722, 750-51 (1991); *Harris,*

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                                                    Page 8

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

489 U.S. at 262; *Caswell v. Ryan,* 953 F.2d 853, 860-61 (3d Cir.1992).

> FN6. Delaware Superior Court Criminal Rule 61(i)(3) would preclude any further state court consideration of the claim because petitioner failed to raise this claim in the proceedings leading to his conviction, and he has not demonstrated cause for the default or prejudice resulting therefrom. *See, e.g., Bright v. Snyder,* 218 F.Supp.2d 573, 580 (D.Del.2002).

**\*8** Here, petitioner has not demonstrated that an external impediment prevented him from presenting this claim in his appeal, thereby failing to demonstrate cause for his procedural default. *See Murray v. Carrier,* 477 U.S. 478, 492 (1986). Because petitioner has not demonstrated cause, the court does not need to address the issue of prejudice. *See Smith v. Murray,* 477 U.S. 527, 533 (1986).

Moreover, petitioner has not alleged that he is actually innocent, nor has he presented any colorable evidence of his actual innocence. Thus, he has not demonstrated that a fundamental miscarriage of justice will result from failure to review this claim. *Murray,* 477 U.S. at 496 (to establish a miscarriage of justice, a petitioner must show that a "constitutional violation has probably resulted in the conviction of one who is actually innocent"); *Sweger v. Chesney,* 294 F.3d 506, 522-24 (3d Cir.2002) (a petitioner establishes actual innocence by proving that no reasonable juror would have voted to find him guilty beyond a reasonable doubt); *Bousley v. United States,* 523 U.S. 614, 623 (1998) (actual innocence means factual innocence, not legal insufficiency). As a result, federal habeas review of petitioner's due process claim is unavailable.

### C. Prosecutorial misconduct claim

Petitioner's final claim is that the state prosecutor knowingly presented a false charge to the grand jury in violation of his due process rights. (D.I. 2 at ¶

7.b(22)) The State correctly acknowledges that petitioner never presented this claim to the state court. Thus, he has failed to exhaust state remedies.

Because petitioner did not raise this claim in his direct appeal, Delaware Superior Court Criminal Rule 61(i)(3) would bar him from pursuing further state court review. *See* Del.Super. Ct.Crim. R. 61(i)(3). As such, petitioner's failure to exhaust state remedies for this claim is excused, but still procedurally defaulted. Petitioner has not alleged any cause or prejudice excusing his procedural default. Petitioner also does not allege his actual innocence, thereby failing to establish a miscarriage of justice. Thus, the court is procedurally barred from reviewing the merits of this claim.

### V. CERTIFICATE OF APPEALABILITY

Finally, the court must decide whether to issue a certificate of appealabilty. *See* Third Circuit Local Appellate Rule 22.2. A certificate of appealability may only be issued when a petitioner makes a " substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This showing is satisfied when the petitioner demonstrates "that reasonable jurists would find the district court's assessment of the denial of a constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

For the reasons stated above, the court concludes that petitioner is not entitled to federal habeas relief for any of his claims. Reasonable jurists would not find these conclusions unreasonable. Consequently, petitioner has failed to make a substantial showing of the denial of a constitutional right, and a certificate of appealability will not be issued.

### VI. CONCLUSION

**\*9** For the foregoing reasons, petitioner's application for habeas relief filed pursuant to 28 U.S.C. § 2254 will be denied.

An appropriate order will be entered.

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d                                                    Page 9

Not Reported in F.Supp.2d, 2004 WL 2851801 (D.Del.)
**(Cite as: Not Reported in F.Supp.2d)**

D.Del.,2004.
Coffield v. Carroll
Not Reported in F.Supp.2d, 2004 WL 2851801
(D.Del.)

END OF DOCUMENT

© 2007 Thomson/West. No Claim to Orig. U.S. Govt. Works.

## CERTIFICATE OF SERVICE

I hereby certify that on May 31, 2007, I electronically filed the attached documents with

the Clerk of Court using CM/ECF. I also hereby certify that on May 31, 2007, I have mailed by

United States Postal Service, the same documents to the following non-registered participant:

John M. Franklin
No. 214419
P.O. Box 500
Sussex Correctional Institution
Georgetown, DE 19947

/s/Kevin M. Carroll
Kevin M. Carroll
Deputy Attorney General
Department of Justice
820 N. French Street
Wilmington, DE 19801
(302) 577-8500
Del. Bar. ID No. 4836
Kevin.Carroll@state.de.us

Date: May 31, 2007