IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JOHN M. FRANKLIN, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. A. No. 06-378-GMS |
| | ) |
| PERRY PHELPS, Warden, et. al., | ) |
| | ) |
| Respondents. | ) |

**MEMORANDUM**

## I. INTRODUCTION

In November, 2009, the court denied petitioner John M. Franklin's petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. (D.I. 36.) Presently pending before the court is Franklin's motion for reargument or reconsideration, in which he contends the court must release him because he is actually innocent. (D.I. 37.)

## II. STANDARD OF REVIEW

A motion for reconsideration should be granted to correct manifest errors of law or fact or to present newly discovered evidence. *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). Accordingly, a court may grant a motion for reconsideration if the moving party shows one of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice. *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)(citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not appropriate to reargue issues that the court has already considered and decided. *Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239,

1240 (D. Del. 1990).

Additionally, when, as here, a district court is presented with a motion for reconsideration after it has denied the petitioner's federal habeas application, the court must first determine if the motion constitutes a second or successive application under the Antiterrorism and Effective Death Penalty Act ("AEDPA"). As articulated by the Third Circuit:

> in those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition.

*Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004). Under AEDPA, a prisoner cannot file a second or successive habeas application without first obtaining approval from the Court of Appeals. Absent such authorization, a district court cannot consider the merits of a subsequent application. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

### III. DISCUSSION

Franklin's habeas petition denied by the court in 2009 asserted the following five claims for relief: (1) the trial court committed an error of law by failing to issue a *sua sponte* order to disallow certain improper expert opinion testimony which invaded the province of the jury on ultimate issues in the case and undermined the fairness of the trial; (2) the trial court violated his due process rights by admitting into evidence prior bad acts without a sufficient limiting jury instruction; (3) his due process rights were violated because the prosecutor's question elicited evidence which injected a racial element into the trial; (4) trial counsel provided ineffective assistance of counsel; and (5) the Superior Court judge erroneously denied his Rule 61 motion

and the Delaware Supreme Court unfairly treated his appeals. (D.I. 2; D.I. 6.) Underlying all of the aforementioned five claims was Franklin's insistence that he was actually innocent of the crimes for which he was convicted, because the sex between he and his wife was consensual. The two arguments asserted in the instant motion for reconsideration also rely on Franklin's assertion that he is actually innocent because his wife consented to the sexual intercourse forming the basis for his convictions. Thus, to the extent the instant motion merely re-asserts the same arguments already considered, and rejected, by the court in its Memorandum Opinion and Order dated November 16, 2009 (D.I. 36.), the court will deny the motion.

Alternatively, to the extent the instant motion asserts new claims premised on the same underlying defense theory of consensual sex, the court concludes that it constitutes a second or successive § 2254 petition. *See* 28 U.S.C. § 2244(a),(b)(3); 28 U.S.C. § 2254. The record reveals that Franklin did not obtain permission from the Third Circuit Court of Appeals to file the instant motion. Accordingly, the court will alternatively dismiss Franklin's motion for reconsideration as second or successive. *See* 28 U.S.C. § 2244(b)(1); *Robinson*, 313 F.3d at 139 (holding that when a second or successive habeas petition is erroneously filed "in a district court without the permission of the court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631.").

## IV. CONCLUSION

For the aforementioned reasons, the court will deny Franklin's motion for reconsideration. In addition, the court will not issue a certificate of appealability, because Franklin has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *See United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997); 3d Cir. LAR 22.2

(2008). A separate Order will be entered.

Sept 22, 2010
DATE

[signature]
CHIEF, UNITED STATES DISTRICT JUDGE